Lester G. ABELOFF, et al.,

v.

Leslie R. BARTH, et al.

Robert H. BATES, et al.,

v.

Leslie R. BARTH, et al.

James AMEND, et al.,

v.

Leslie R. BARTH, et al.

Civ. A. Nos. 85–3669–WD, 85–3672–WD and 85–3673–WD.

United States District Court, D. Massachusetts.

March 25, 1988.

James E. McGuire, John A. Wortmann, Jr., William J. Hudak, Esq. Brown, Rudnick, Freed & Gesmer, Boston, Mass., James S. Parver, Proskauer, Rose, Goetz & Mendelsohn, New York City, for plaintiffs.

Dale A. Schreiber, Schwartz, Klink & Schreiber, New York City, Robert W. Mahoney, Hale and Dorr, Boston, Mass., for defendants.

Nancy E. Watters, Nutter, McClennen & Fish, Boston, for Deloitte, Haskins & Sells.

Frances S. Cohen, Joseph D. Steinfield, Jane S. Schacter, Hill and Barlow, Boston, Mass., for George Marvin Smith and Richard Schnolnick.

Stephen P. Scaring, Mineola, N.Y., Eliot D. Lobel, Peckham, Lobel, Casey & Tye, Boston, Mass., for Network Appraisal Co., Inc.

## MEMORANDUM ON THE MOTION TO DISMISS (#21) THE THIRD AMENDED COMPLAINTS IN EACH OF THE ACTIONS TO THE EXTENT THAT THE MOTION SEEKS DISMISSAL OF COUNT VIII

ROBERT B. COLLINGS, United States Magistrate.

Pursuant to 28 U.S.C. § 636(c), the parties consented to have the undersigned decide the Barth defendants' Motion To Dismiss (# 21) which sought dismissal of the Third Amended Complaint in the above-styled case on a number of grounds. The within Memorandum deals only with the motion to the extent that it seeks dismissal of Count VIII.

It should be noted that after the Barth defendants' motion to dismiss (# 21) was filed and argued and while the matter was *sub judice,* bankruptcy proceedings were commenced with respect to one of the corporations, i.e., The Barrick Group, Inc., and one of the individuals, i.e. Leslie R. Barth, of the group denoted "Barth defendants." The Barrick Group is not named in Count VIII; Leslie R. Barth is named in that count. Because of the stay of the litigation provided by the bankruptcy laws, the within memorandum does not purport to decide the Barth defendants' motion to dismiss (# 21) as to Leslie R. Barth. However, the within memorandum would dispose of the motion as to Leslie R. Barth if the Court were permitted to issue a ruling on the motion with respect to him.

The factual background of plaintiffs' claims is not in substantial dispute. In 1983, the Barrick Group purchased three office buildings in Houston, Texas. The properties were thereafter conveyed to the three limited partnerships, Barrick Westwood, Barrick North Belt, and Barrick Ralston, which had been formed to acquire, syndicate and operate the projects. The sole general partner of each of the limited partnerships was Southwest Bissonet, Inc., 515 North Belt, Inc. and I–10 East Ralston, Inc., respectively. Limited partnership units were then sold to investors, including the plaintiffs. Each offering was marketed by means of a separate, although substantially similar, offering memorandum which had been drafted and prepared with the direct participation of all of the Barth defendants, corporate and individual. These memoranda purported to be a full and accurate description of the offering being made and the investment opportunity presented. In 1985, the Houston projects failed and became subject to foreclosure proceedings by the mortgage holder. Consequently, the plaintiffs' investments were rendered worthless.

The plaintiffs' basic allegation in their complaints is that they were each induced to invest in the limited partnerships in reliance on material oral and written misrepresentations and omissions made by the Barth defendants in the offering memoranda and materials during the offering period. The complainants enumerate twenty-five specific misrepresentations and/or omissions of material fact which they claim

the Barth defendants knew or should have known were misleading as presented.

Count VIII is cast as a claim for breach of fiduciary duty against the general partners of the three limited partnerships and Leslie R. Barth as an individual. The plaintiffs allege that the general partners have failed and refused to demand payment on certain demand promissory notes made by Barth in favor of the general partners and "to use the proceeds of the note(s) in the interest of" the limited partnerships. (¶ 61)[1] The claim for breach is also made premised upon the alleged "payment of unreasonable management and other fees to affiliates" and the general partners' "failure to pursue the Original Owner and guarantors following their default on the Master Lease." (¶ 62)

The motion to dismiss (# 21) seeks dismissal pursuant to Rules 12(b)(1), 12(b)(6) and 9(b), F.R.Civ.P. From the memorandum of law submitted, it appears that the only challenge is to the failure of the plaintiffs to plead Count VIII as a derivative suit pursuant to Rule 23.1, F.R.Civ.P. *See* # 23, pp. 44–52.

■ It is clear from the face of the allegations of Count VIII that the plaintiffs are suing for breaches of duty belonging or running to the limited partnership entities, not the limited partners themselves. (*See* 3B Moore, Federal Practice § 23.1.16[1]) In other words, it is each of the limited partnerships as a whole or as an entity that is directly injured by the alleged failures of the general partners to perform their duties; the harm to the plaintiffs results solely from their holding interests in the limited partnerships. In these circumstances, plaintiffs' claim in Count VIII is a derivative claim and, as such, must comply with the requirements of Rule 23.1, F.R.Civ.P.

■ Although this rule speaks in terms of shareholders of corporations, there appears to be no dispute that it is equally applicable to partnerships. By its terms, the Rule provides:

> In a derivative action by one or more shareholders or members to enforce a right of a corporation or for an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority ... and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.

Thus, there are several mandatory prerequisites to a properly pleaded derivative suit. Plaintiffs' argument that the requirements of the rule have been "substantially satisfied" is without merit.

■ First, Rule 23.1 requires that the complaints be verified; the plaintiffs have failed to meet this requirement. Such a failure is grounds for dismissal of a derivative action. *See Goldberg v. Meridor*, 81 F.R.D. 105, 110 (S.D.N.Y., 1979); *Waldon v. Elrod*, 72 F.R.D. 5, 12 (W.D.Ok., 1976). However, in light of the plaintiffs' arguments in their memorandum, it is apparent that they were not in the first instance attempting to plead a derivative cause of action. While this does excuse the necessity of verification, it explains its absence.

In the circumstances, I shall order that Count VIII be dismissed unless a Sixth Amended Complaint curing this deficiency is filed.

■ Second, the Rule requires that the complaint allege "with particularity the ef-

---

**1.** References are to the Third Amended Complaint (# 18) in C.A. 85–3669–WD.

forts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority ...". This is the so-called "demand requirement." Although it may be inferred that demand upon the general partners would be futile in that they are alleged, *inter alia*, to be the perpetrators of the securities fraud (*see, e.g. Cathedral Estates, Inc. v. Taft Realty Corp.*, 228 F.2d 85, 88 (2d Cir., 1955)), the complaints should at least contain an allegation that demand would be unavailing on this basis. The First Circuit has strictly interpreted the particularity requirement in the circumstance where it is claimed that a demand would be futile; the reasons why a demand was not made must be particularly stated. *In re Kaufman Mutual Funds Actions*, 479 F.2d 257, 263 (1 Cir.), *cert. denied*, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973). Given the applicability of this "particularity" test, the conclusion that demand upon the general partners and Barth would be useless should not be left solely to inference. This failure in pleading is again attributable to the fact that the plaintiffs were not alleging a derivative suit.

Third, Rule 23.1, F.R.Civ.P., requires that the complaint allege "that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have." This allegation is lacking in the plaintiffs' complaints.

■ I do not agree with the defendants' argument that the plaintiffs need allege or demonstrate that they adequately represent the interests of all the persons holding limited partnership interests to survive a motion to dismiss pursuant to Rule 12(b)(6), F.R.Civ.P. Rule 23.1, F.R.Civ.P., does not require such an allegation, and cases have held that the burden is on the defendant to prove that the plaintiffs will not adequately represent all persons holding interests in the limited partnerships. As one district court ruled:

> ... [I]t is the defendants who must bear the burden of showing "that a serious conflict exists and that plaintiff could not be expected to act in the interests of the other shareholders because doing so would harm his other interests."

*Ohio–Sealy Mattress Manufacturing Co. v. Kaplan*, 90 F.R.D. 21, 25 (N.D.Ill., 1980) quoting from Wright & Miller, 7A Federal Practice and Procedure, ¶ 1833 at 393 (1972 ed.).

■ In other words, a Court may dismiss a derivative action because the plaintiffs are inadequate representatives but not pursuant to Rule 12(b)(6), F.R.Civ.P. for failure to *state* a claim upon which relief may be granted on the ground that the plaintiffs do not allege that they are adequate representatives.

Accordingly, an order will issue providing that Count VIII will be dismissed unless the plaintiffs, within thirty (30) days after the District Judge rules on the Reports and Recommendations issued this date, file a Sixth Amended Complaint in which the allegations of Count VIII comply with the three prerequisites to a derivative suit discussed *supra*.

