**M.E. MOORE Jr., in his capacity as Trustee of the M.E. Moore, III Trust No. 5, and the B.G. Moore Trust No. 6, Plaintiff,**

v.

**SIMON ENTERPRISES, INC., Defendant.**

**Civil No. 3:94–CV–1667–H.**

United States District Court, N.D. Texas, Dallas Division.

Dec. 29, 1995.

---

Lee M. Simpson, Cohan Simpson Cowlishaw & Wulff, Dallas, TX, Lawrence S. Fischman, Glast Phillips & Murray, Dallas, TX, for plaintiff and movant Henry Selligson.

William D. Sims, Jr., Lawrence Jude Fossi, Michael L. Raiff, Vinson & Elkins, Dallas, TX, Wallis Mizell Hampton, Vinson & Elkins, Houston, TX, for defendants.

Peter S. Chantilis, Law Office of Peter S. Chantilis, Dallas, TX, pro se.

William Andrew Brewer, III, Bickel & Brewer, Dallas, TX, for movants Kenneth Leventhal, Stan Ross and Kenneth Leventhal & Company.

Elizabeth Kay Stepp, Beckel & Brewer, Dallas, TX, for movant Guy Ackerman.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

### I. BACKGROUND

This action was originally filed in the 95th Judicial District Court of Dallas County, Texas. *See* Plaintiff's Original Petition, filed December 8, 1993. Plaintiff M.E. Moore, Jr., in his capacity as Trustee of the M.E. Moore, III Trust No. 5 and the B.G. Moore Trust No. 6, brought claims against Defendants Simon Enterprises, Inc., Simon Property Group, Inc., Simon Property, L.P., and Hurst Mall Company, for declaratory judgment, or alternatively, for a decree dissolving a partnership, for an accounting among partners, and for damages against Simon Enterprises, Inc. The partnership at issue is the Hurst Mall Company, formed in 1968 for the purpose of developing, owning and operating a large retail shopping center operated under the name of "Northeast Mall." *See* Plaintiff's Original Petition at 3.

Plaintiff is the owner of a 20 percent limited partnership interest in the Hurst Mall Company. The Hurst Mall Company is a Texas limited partnership, with Simon Enterprises, Inc., ("Simon Enterprises") acting as its sole general partner. In its general partner capacity, Simon Enterprises owns a 50 percent interest in the Hurst Mall Company. Simon Enterprises also owns a 30 percent limited partnership interest in the Hurst Mall Company. Plaintiff is a Texas trust whose trustee and beneficiaries are citizens of Texas.

Plaintiff alleges that Simon Enterprises violated the March 1, 1986 partnership agreement by attempting to transfer or assign its interest as a general partner to an outside party without the consent of Plaintiff.

Plaintiff claims that this attempted transfer—allegedly proposed by Defendant Simon Enterprises on September 15, 1993—constitutes a breach of Simon Enterprises' fiduciary duty to Plaintiff and the limited partnership. Plaintiff alleges that the conduct of Simon Enterprises caused Plaintiff's limited partnership interest to be diminished by $6,500,000.

On July 29, 1994, Plaintiff voluntarily non-suited Simon Property Group, L.P., and Hurst Mall Company. As diversity of citizenship was present between the remaining parties, on August 5, 1994, Defendant removed this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

On November 13, 1995, the Court issued an Order directing the parties in this case to file briefs on whether Hurst Mall Company should be joined as an indispensable party pursuant to the Fifth Circuit Opinion in *Bankston v. Burch,* 27 F.3d 164, 167–68 (5th Cir.1994).[1] Both parties filed briefs on November 27, 1995, arguing that the Mall Company was not an indispensable party and should therefore not be joined.

## II.  ANALYSIS

In *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the Supreme Court held that for diversity purposes a limited partnership is a citizen of each state in which its partners—both general and limited—hold citizenship. Because Hurst Mall Company is a Texas limited partnership, joinder of the partnership would divest the Court of its diversity jurisdiction.

### A.  DERIVATIVE CLAIMS BY LIMITED PARTNERS

■ A limited partnership is an indispensable party to a derivative action brought by a limited partner to enforce the rights of the partnership. *Bankston v. Burch,* 27 F.3d at 167–68. Where a limited partnership is not joined as a party to a derivative action

and its joinder would destroy complete diversity, the action must be remanded to state court. *Bankston,* 27 F.3d at 168 (dismissing action on appeal under the same conditions).

■ In contrast, the citizenship of a limited partnership may be disregarded for diversity purposes in a direct individual action brought by a limited partner against a general partner. *Mallia v. PaineWebber, Inc.,* 889 F.Supp. 277, 281–82 (S.D.Tex.1995); *Lenz v. Associated Inns and Restaurants, Co. of America,* 833 F.Supp. 362, 379 (S.D.N.Y. 1993). Thus, if Plaintiff brings derivative claims as well as direct claims, this action must be dismissed for failure to join a non-diverse, indispensable party. *See Bankston,* 27 F.3d at 166–67 (dismissing action where some of plaintiff's claims were derivative in nature).

■ Thus, the initial question the Court must consider is whether Plaintiff's action is derivative. "The determination of whether a claim is a derivative claim or a direct claim is made by reference to the nature of the wrongs alleged in the complaint, and is not limited by a [party's] characterization or stated intention." *HB General Corp. v. Manchester Partners, L.P.,* 1995 WL 311351 (D.N.J.), *citing Lenz,* 833 F.Supp. at 379. Therefore, while both the parties in this action argue that Plaintiff's claims are direct, the Court must examine the nature of the wrongs alleged in Plaintiff's original petition to determine whether the claims therein alleged are direct or derivative.

In *Bankston,* the Fifth Circuit noted that limited partners can only sue directly for an accounting.[2] The Court held that all other actions by limited partners are derivative actions. 27 F.3d at 167. In so holding, the court noted that ʼ

In such derivative lawsuits, the form of the lawsuit does not obscure its substance: it is the partnership's rights, not the limited partners', that the lawsuit seeks to vindi-

---

1. The Court's Order also directed counsel to address the question of whether joinder of the limited partnership would destroy diversity jurisdiction, requiring remand or dismissal. Both parties agree that joinder of Hurst Mall Company would destroy diversity.

2. In *Bankston,* Plaintiff had brought a claim for an accounting, but the Court found that the derivative claims in the suit overwhelmed any individual claim for an accounting and remanded the case for lack of subject matter jurisdiction. 27 F.3d at 167 n. 6, *citing Lenz, supra.*

cate. Because the partnership possesses the right sought to be enforced, the partnership is, at a minimum, the real party in interest in a derivative lawsuit.

*Id.*

Likewise, in *Mallia, supra,* the court noted that the "test" to distinguish between derivative claims and direct claims is as follows: "In a derivative suit, a shareholder or limited partner sues on behalf of the corporation or limited partnership for harm done to the corporation or partnership." 889 F.Supp. at 283, *citing Lenz, supra* (internal brackets omitted). The *Mallia* court noted the contrast between derivative suits and direct suits: "a plaintiff bringing an individual, direct action must be injured directly or independently of the corporation or partnership." *Id.* Most importantly for the purposes of the instant case, the *Mallia* case specifically noted that "when a limited partner alleges wrongs to the limited partnership that indirectly damaged a limited partner by rendering his or her interest in the partnership of lesser value, the partner is required to bring the claim derivatively." *Id.; Lenz,* 833 F.Supp. at 379–80; *Kenworthy v. Hargrove,* 855 F.Supp. 101, 105–06 (E.D.Pa.1994); *see also Whalen v. Carter,* 954 F.2d 1087, 1093 (5th Cir.1992).

■ The parties argue that Plaintiff's claims are all direct. Plaintiff has sued for judicial dissolution, an accounting, damages for breach of fiduciary duty, and judicially supervised winding up, if the partnership is dissolved.

In his Original Petition, however, Plaintiff expressly notes that if the attempted transfer of Simon Enterprises interest were to occur, Simon Enterprises would be in breach of its fiduciary duties to both *"the partnership and Plaintiff." See* Plaintiff's Original Petition at 6 and 7 (emphasis added.) Likewise, elsewhere in his Original Petition, Plaintiff twice cites injury to both "the Partnership and to Plaintiff" as the basis for his right to relief. *See* Original Petition at 12. Thus, Plaintiff's Original Petition demonstrates on its face the derivative nature of Plaintiff's claims. In addition, with regard to Plaintiff's claims for breach of fiduciary duty, the Fifth Circuit has recently indicated that

claims for breach of fiduciary duty by a general partner of a limited partnership are derivative in nature. *See 7547 Corp. v. Parker & Parsley Devel. Partners,* 38 F.3d 211, 221 (5th Cir.1994), *citing Abeloff v. Barth,* 119 F.R.D. 332, 334 (D.Mass.1988).

More importantly, in the section of the Original Petition referencing the dissolution and accounting claims, it is apparent that the gravamen of Plaintiff's complaint is that the actions taken by Defendants have lessened the value of Plaintiff's interest in the Hurst Mall Company:

> If the Partnership were to continue for the duration of its stated term and then liquidated on a going-concern basis, considering both probable interim distributions and net dissolution proceeds, Plaintiff's 20% limited partner interest would be worth at present value $16,000,000. If the Partnership is liquidated within a reasonable time after dissolution, then Plaintiff's interest will be worth only $9,500,000. Accordingly, a breach of fiduciary duties by [Simon Enterprises] would be the producing cause of damages to Plaintiff measured by the difference in the value of Plaintiff's interest in the Partnership as stated above....

Plaintiff's Original petition at 9. This alleged diminution in value is precisely the kind of damages that courts have recognized constitutes a derivative claim. *See, e.g. Mallia,* 889 F.Supp. at 282 (claim for damages rendering a limited partner's interest in the partnership of lesser value is derivative); *Lenz,* 833 F.Supp. at 380 ("Defendant's misconduct damaged Lenz only to the extent of his proportionate interest in the enterprise.... Limited partners who seek redress for such indirect injuries must do so through a derivative action.").

At the end of the day, Plaintiff alleges that through the various wrongs of Defendant Plaintiff has suffered a loss in the value of his interest in Hurst Mall Company. Plaintiff alleges that the present value of his interest in the Partnership is some $16 million when calculated on the assumption that the Partnership will continue to operate through the end of its natural life under the Partnership Agreement—approximately another 10

years. Because Plaintiff is forced to request dissolution of the Partnership now, however, Plaintiff alleges that the present value of his Partnership interest is some $9.5 million. As such, Plaintiff's claims are derivative. *See Mallia, supra; Lenz,* 833 F.Supp. at 381.[3]

## B. INDISPENSABLE PARTY UNDER RULE 19(b)

■ Under Fed.R.Civ.Proc. 19(b), the Court must weigh four factors in determining whether the partnership is an indispensable party: 1) the extent to which a judgment rendered in the partnership's absence might be prejudicial to the person or those already parties; 2) the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice might be lessened; 3) the extent to which a judgment rendered in the person's absence will be adequate; and 4) the extent to which the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See also Harrell & Sumner Contracting v. Peabody Petersen,* 546 F.2d 1227, 1229 (5th Cir.1977) (Because joinder of the corporation would destroy subject matter jurisdiction, Rule 19 required the court to determine whether in equity and good conscience the action should proceed among the parties before it or be dismissed by considering the four factors of Rule 19.)

■ Upon balancing these factors, the Court is of the opinion that the Partnership is an indispensable party. Because Plaintiff's claims are, in actuality, derivative in nature, the exclusion of the Partnership from this action would prejudice the Partnership's ability to protect its interest. Protective measures in the judgment or other forms of relief would not lessen or avoid this prejudice. In addition, if the partnership (Hurst Mall Company) is not joined in this action, the partnership can bring its own action

against Defendant for the same claims, thereby subjecting Defendant to duplicate litigation and possible inconsistent results.[4] *See York Associates v. Frenchman's Creek Investors,* 720 F.Supp. 991, 992 (N.D.Ga. 1989); *ISO Prod. Mgt. 1982 v. M & L Oil & Gas,* 768 S.W.2d 354 (Tex.App.—Waco 1989) (no writ), *citing* Tex.R.Civ.P. 28 (partnerships are legal entities and can sue and be sued). Most importantly, Plaintiffs have an adequate remedy in state court. *See Harrell,* 546 F.2d at 1229.

The parties contend that even if the claims at issue are derivative, Hurst Mall Company is not an indispensable party under Rule 19(b) because all the partners of that Partnership are before the Court. Plaintiff's Brief at 3; Defendant's Brief at 7–8. Thus, the parties essentially argue that there are no interests that are unrepresented in this case.

The parties rely on *Delta Financial Corp. v. Paul D. Comanduras & Assocs.,* 973 F.2d 301 (4th Cir.1992) in support of their argument that the Partnership is not an indispensable party because all the limited partners are before the Court. In that case, in finding that a limited partnership was not an indispensable party, the court stated that "this action arises out of a strictly internal conflict between the partners, all of whom, after our decision today, will be before the district court." 973 F.2d at 304. *See also Curley v. Brignoli,* 915 F.2d 81 (2d Cir.), *cert. denied,* 499 U.S. 955, 111 S.Ct. 1430, 113 L.Ed.2d 484 (1990) (finding that partnership was not indispensable when derivative claim was reclassified as a class action and all partners were before the court).

The Court in *Delta* also found that the defendant had failed to establish that the interests of the partnership were distinct from the interests of the partners. *Id. Delta,*

---

**3.** It is true that Plaintiff has brought a claim for accounting, which was recognized in *Bankston* as being a direct claim. However—as in *Bankston*—the presence of Plaintiff's derivative claims overwhelms Plaintiff's individual claim for an accounting.

**4.** For example, Plaintiff's chief ground for dissolution is that Simon Enterprises attempted to transfer its interest in violation of the partnership

agreement. This same factual scenario could give rise to a claim against the Defendant brought by the Partnership. Any decision in this case on the issue of dissolution would either impair the Limited Partnership's ability to bring a suit later on, or in the alternative, would subject Defendant to the threat of duplicate litigation.

however, is against the weight of authority, *see HB General Corp.*, 1995 WL 311351 *4 (D.N.J.), and is also distinguishable from the instant case. The *Delta* court did not make a determination as to whether plaintiff's action was direct or derivative. In addition, unlike *Delta*, in the instant case the Partnership's interest is different from the interest of the individual partners; Plaintiff wants dissolution and Defendant is charged with damaging the partnership. *See also Korman v. Knott Hotels Corporation*, 1988 WL 38467 (E.D.Pa. 1988) 1988) (Argument that partnership was not a real party in interest rejected where plaintiff's contentions that the partnership had been injured and that an accounting on behalf of the partnership was needed as a remedy showed that partnership had at least some interest.)

Likewise, *Curley, supra*, is also distinguishable because the court made its Rule 19 determination when the case was in a post-trial posture. The *Curley* court stated it saw no reason "at this belated juncture to provide [defendants] with a windfall escape from their defeat at trial." *Curley*, 915 F.2d at 81. *See also HB General Corp.*, 1995 WL 311351 *6

■ The Court is of the opinion that Hurst Mall Company is an indispensable party regardless of the fact that all of the partners are before the Court. *See Whalen*, 954 F.2d at 1096. As noted previously, the limited partnership has a legal existence independent of its constituent partners. It is in this sense like a corporation. Under corporate law, a corporation is a legal entity distinct from its shareholders and not even a person owning all of a corporation's shares can represent the interests of the corporation in a lawsuit. *See* 1 William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 25.1 (perm. ed. rev. vol. 1990). Applying this analogy from corporate law is particularly appropriate in this case. *See Smith v. Bader*, 458 F.Supp. 1184, 1187 (S.D.N.Y.1978). Like a shareholder in a corporation, a limited partner enjoys limited liability because of the legal form of the limited partnership—and its separate legal existence. In exchange for this limited liability, the limited partner surrenders his or her

rights to bring claims for damages to the limited partnership itself, and must bring such claims derivatively or on behalf of the limited partnership.

Regardless of the presence of all the partners before the Court, the law in the Fifth Circuit is clear: in a derivative suit, "the partnership is, at a minimum, the real party in interest in a derivative lawsuit." *Bankston*, 27 F.3d at 167. Other circuits are in accord. *See Buckley v. Control Data Corp.*, 923 F.2d 96, 98 (8th Cir.1991) ("it is well-established that an entity on whose behalf a derivative claim is asserted is a necessary defendant in the derivative action.") *Cf. Mallia*, 889 F.Supp. at 282, *citing Delta*, 973 F.2d at 303 ("when a plaintiff's claims are *direct* in nature ... the limited partnership will not be considered an indispensable party under Fed.R.Civ.P. 19, and will not be included in a court's analysis of diversity jurisdiction.") (emphasis added).

Because Plaintiff's action is derivative in nature, the Hurst Mall Company is an indispensable party pursuant to the rule enunciated in *Bankston, supra*. In light of the necessity of joining the Hurst Mall Company, the Court does not have diversity jurisdiction. In such situations, as Plaintiff acknowledges, remand is required.

Accordingly, this action is **REMANDED** to the District Court of Dallas County, Texas, 95th Judicial District, for lack of subject matter jurisdiction. *See* 28 U.S.C. 1447(c).

SO ORDERED.