**NEW YORK LIFE INSURANCE COMPANY, Plaintiff,**

v.

**RAMCO HOLDING CORPORATION; Ramco Oil & Gas, Inc.; Ram Reserve Consolidation, Inc.; and RB Operation Company, Defendants.**

No. 93–C–1049–H.

United States District Court, N.D. Oklahoma.

July 11, 1996.

Kevin Morris Abel, J. Warren Jackman, Pray Walker Jackman Williamson & Marlar, Tulsa, OK, for plaintiff.

John N. Hermes, Drew D. Webb, McAfee & Taft, Oklahoma City, OK, for defendants.

## ORDER

HOLMES, District Judge.

This matter comes before the Court on Defendants' Motion on Non–Waivable Jurisdictional Issues (Docket # 163). The Court construes this motion as a motion to dismiss for lack of subject matter jurisdiction. The Court heard arguments on this motion at a hearing on April 5, 1996.

On October 26, 1987, Plaintiff New York Life Insurance Company ("NYL") and Defendants RAMCO Holding Corporation ("RHC") and Oklahoma Double R. Corporation ("DRC") executed an Agreement of Limited Partnership (the "Partnership Agreement") for the RAMCO–NYL 1987 Limited Partnership (the "Partnership"). The Partnership was formed under the Texas Revised Uniform Limited Partnership Act. Tex.Rev. Civ.Stat.Ann. Art. 6132a–1 *et seq.* (West Supp.1994). Pursuant to the terms of the Partnership Agreement, NYL is the 96.5% limited partner, and RHC and DRC collectively own 3.5% of the Partnership. RHC, which subsequently became RAMCO Operating Company ("RAMCO"), is the managing general partner of the Partnership.

NYL brought this action, alleging multiple breaches of the Partnership Agreement and the fiduciary duties owed by the managing general partner, RAMCO. Among other remedies, NYL seeks dissolution of the Partnership and an accounting of Partnership funds. NYL contends that this Court has jurisdiction over the matter because diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of fifty thousand dollars. *See* 28 U.S.C. § 1332(a)(1).

■ A non-jury trial in this matter was scheduled to begin on April 15, 1996. One month prior to this date, on March 15, 1996, RAMCO filed the instant motion, challenging the basis for the Court's jurisdiction. RAMCO alleges that the Partnership itself is an indispensable party to this action and that, once the Partnership is joined, complete diversity of citizenship will be destroyed. NYL characterizes this motion as an "eleventh hour 'tail gunner' " attempt to derail the scheduled trial. Pl.'s Answer Br. at 1. However, the Court notes that subject matter jurisdiction may be challenged at any time and objections to such jurisdiction cannot be waived. The Tenth Circuit has stated that " 'subject matter jurisdiction is not a matter of equity or of conscience or of efficiency,' but is a matter of the 'lack of judicial *power* to decide a controversy.' " *Laughlin v. Kmart Corp.*, 50 F.3d 871, 874 (10th Cir. 1995) (citation omitted). The Court therefore heard arguments on this motion at the April 5, 1996, pretrial conference and continued the trial date at that time. At the Court's request, the parties have submitted additional briefs on the issue of subject matter jurisdiction.[1]

■ For purposes of diversity jurisdiction, a limited partnership shares the citizenship of each of its partners, both general and limited. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 1021–22, 108 L.Ed.2d 157 (1990); *Bankston v. Burch,* 27 F.3d 164, 166 (5th Cir.1994). NYL is a New York corporation with its principal place of business in New York. Each of ROC and DRC is a Delaware corporation with its principal place of business in Oklahoma. Thus, for diversity purposes, the Partnership is also a citizen of New York and Oklahoma. Therefore, if the Partnership is an indispensable party to this action, complete diversity of citizenship cannot exist.

■ A limited partnership is an indispensable party to any action that includes claims derivative in nature. *Bankston,* 27 F.3d at 167–68; *Buckley v. Control Data*

---

1. Both NYL and RAMCO submitted the requested supplemental briefs on April 26, 1996. Thereafter, each filed a response brief to the other's supplemental brief on May 10, 1996. Because the issue was extensively briefed and exhaustively argued at the April 5, 1996, hearing, the Court found that an additional hearing on the motion was unnecessary.

*Corp.*, 923 F.2d 96, 98 (8th Cir.1991).[2] State law determines whether a claim asserted by a limited partner against a general partner is direct or derivative. *7547 Corp. v. Parker & Parsley Dev. Partners*, 38 F.3d 211, 221 (5th Cir.1994) (applying Texas law); *Bankston*, 27 F.3d at 167 (applying Hawaii law); *Buckley*, 923 F.2d at 98 (applying Minnesota law). All parties to the instant case agree that Texas law governs the Court's inquiry into whether NYL has asserted direct or derivative claims against RAMCO.[3]

■ Although the parties cite no Texas state court case defining the distinction between direct and derivative claims in the limited partnership context,[4] two federal district courts in Texas, applying Texas law, recently have addressed the issue. *Moore v. Simon Enter., Inc.*, 919 F.Supp. 1007 (N.D.Tex.1995); *Mallia v. PaineWebber, Inc.*, 889 F.Supp. 277 (S.D.Tex.1995). Both courts applied the following test in distinguishing between derivative and direct claims:

"In a derivative suit, a shareholder [or limited partner] sues on behalf of the corporation [or partnership] for harm done to the corporation [or partnership]." By contrast, a Plaintiff bringing an individual, direct action "must be injured directly or independently of the corporation [or partnership]". . . . Thus, when a limited partner alleges wrongs to the limited partnership that indirectly damaged a limited partner by rendering his or her interest in the partnership of lesser value, the partner is required to bring the claim derivatively.

*Mallia*, 889 F.Supp. at 282 (quoting *Lenz v. Associated Inns & Restaurants Co. of America*, 833 F.Supp. 362, 378 (S.D.N.Y.1993)) (alterations in original); *see Moore*, 919

F.Supp. at 1010 (quoting *Mallia* ). Accordingly, the Court must determine whether the wrongs alleged by NYL affected NYL independently of its Partnership interest or whether the alleged harm to NYL flowed from harm to the Partnership itself.

Based upon the allegations of NYL contained in the Agreed Pretrial Order ("PTO") entered in this case on April 5, 1996, the Court concludes that NYL's claims are predicated primarily on harms allegedly inflicted on the Partnership. In the PTO, NYL contends in pertinent part as follows:

Confronted with a history of RAMCO's breach of fiduciary duties, resulting in a complete loss of confidence in RAMCO's management, NYL provided notice to RAMCO on June 3, 1993, of NYL's decision to dissolve the Partnership. *The dissolution notice was based upon multiple material breaches of the Partnership Agreement, including, but not limited to, the failure to distribute $7.2 million to the partners in 1992–93.*

NYL reached an agreement with RAMCO to sell the Partnership properties, subject to the negotiation of a subsequent agreement on the division of the sale proceeds. *RAMCO spent $345,000.00 of the Partnership's money on a summer, 1993, "sale" of the Partnership's properties, which was doomed to failure because RAMCO prepared a purchase and sale agreement which excluded operations from the sale of the properties.* Without operations, the properties were essentially unmarketable to the oil industry. *In structuring and conducting the sale for RAMCO's sole benefit, and in claiming ownership of operations, RAMCO again*

---

**2.** A limited partner may pursue one of three types of claims against a general partner of a limited partnership.

[T]he limited partner can bring an individual, direct claim; a direct claim against the general partners by means of a representative action in the form of a class action suit; or a derivative suit on behalf of the partnership itself against the general partners.

*Mallia v. PaineWebber, Inc.*, 889 F.Supp. 277, 281 (S.D.Tex.1995) (citations omitted). Because this is not a class action, NYL's claims must fit into either the first or last category.

**3.** The court notes that the Texas Revised Uniform Limited Partnership Act expressly allows limited partners to sue derivatively on behalf of the partnership. Tex.Rev.Civ.Stat.Ann. Art. § 6132a–1, 10.01 (West Supp.1994).

**4.** NYL cites *Johnson v. J. Hiram Moore, Ltd.*, 763 S.W.2d 496 (Tex.Ct.App.1989) as the definitive Texas authority on differentiating between direct and derivative claims. However, as discussed further below, *Johnson* offers no guidance on this issue.

*breached its fiduciary duty.* The sale was a sham.

In the absence of any offers to purchase the Partnership assets and in the face of RAMCO's continued assertion of ownership/control of operations, litigation became NYL's sole remaining option. *When RAMCO threatened to mortgage the best 50% of the Partnership's properties to "cure" one of its defaults, NYL filed this dissolution action on November 24, 1993.* PTO at 3 (emphasis added). Specifically, NYL alleges that RAMCO breached its fiduciary duties under the Partnership Agreement by "wrongfully overcharging millions of dollars in 'tech time,'" PTO at 3, overcharging and miscalculating management fees, *id.* at 4, and diverting oil sales "service fees" *id.* at 5. In addition, NYL claims that RAMCO wrongfully retained interest income, *id.* at 4, the proceeds of oil and gas sales, *id.* at 5, a "six-figure take-or-pay settlement", *id.*, and a "seven figure 'advance to operator,'" *id.* at 4. NYL further contends that RAMCO commingled Partnership funds with RAMCO funds. *Id.* at 5. Based upon these and other allegations by NYL, the Court concludes that this is a clear case of a limited partner asserting a derivative claim against a general partner. Any injury incurred by NYL as a result of RAMCO's alleged wrongdoing is merely a by-product of the harm to the Partnership itself.[5]

NYL argues that because this is an action for dissolution and all partners are currently before the Court, the Partnership will not be prejudiced if it is not joined. The *Moore* court rejected a similar argument in the dissolution context, noting that:

> Like a shareholder in a corporation, a limited partner enjoys limited liability because of the legal form of the limited partnership—and its separate legal existence. In exchange for this limited liability, the limited partner surrenders his or her rights to bring claims for damages to the limited partnership itself, and must bring such claims derivatively or on behalf of the limited partnership.

919 F.Supp. at 1012. The Court finds this reasoning persuasive.[6] The parties chose to structure their business relationship by creating a separate legal entity in the form of a limited partnership. They cannot, at this point, proceed as if it does not exist. Because the alleged injuries are the fruits of that partnership, the Partnership itself is an indispensable party to this litigation.

NYL contends that the rationale underlying Rule 19 dictates that the action should proceed without the Partnership. The Court agrees that Rule 19 contemplates equitable considerations. NYL, however, cites no authority and the Court can identify no holding that Rule 19 does not require the joinder of a limited partnership in a derivative action brought by a limited partner

---

**5.** By contrast, the court in *Mallia* found that the plaintiffs had asserted direct claims where the complaint focused "exclusively on the allegedly deceptive manner in which [the plaintiffs] were induced to [enter into] the partnerships and *not* on any harm done to the partnerships themselves." *Mallia,* 889 F.Supp. at 283. In the instant case, NYL does not challenge the formation of the Partnership but asserts claims arising out of its subsequent management.

**6.** NYL attempts to distinguish *Moore v. Simon Enter., Inc.,* 919 F.Supp. 1007 (N.D.Tex.1995), on the following grounds:

> Despite finding that all parties were before the court, and the limited partnership would not survive the action, the court distinguished other cases and followed a robotic limited partnership law concept to conclude that the partnership was an indispensable party. This decision appears to be an aberration, as it is contrary to any thoughtful and modern interpretation of Rule 19, which calls for a prac-

tical consideration of all aspects of the case, rather than adherence to formalistic rituals and the "form-over-substance" result of [*Moore v. Simon* ].

Pl.'s Br. in Resp. to the Court's Request at 7. However, NYL cites only one such "modern and thoughtful interpretation of Rule 19", *Curley v. Brignoli, Curley & Roberts, Assocs.,* 915 F.2d 81 (2d Cir.1990), and *Curley* is clearly distinguishable. In *Curley,* which was pending on appeal when the Supreme Court decided *Carden v. Arkoma Assocs.,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the limited partners brought a derivative action against the general partner and the partnership. Applying New York law, the Second Circuit salvaged diversity jurisdiction by recharacterizing the action as a class action brought directly by the limited partners and dismissed the limited partnership as a party-defendant. The instant action does not meet the requirements for class certification under Fed. R.Civ.P. 23(a), therefore, the *Curley* solution is not available to NYL. The Court concludes that the rationale of *Moore v. Simon* is applicable.

against a general partner. To the contrary, the authorities cited above specifically engage in a Rule 19 analysis and reject this interpretation of Rule 19. The Court finds no reason to reach a contrary conclusion in the instant case.

Citing *Johnson v. J. Hiram Moore, Ltd.*, 763 S.W.2d 496 (Tex.Ct.App.1989), NYL asserts that a breach of fiduciary duty can give rise to a direct claim under Texas law. The Court agrees that a limited partner may, in some cases, pursue a direct claim against a general partner. However, the fact that a limited partner may maintain a direct claim does not mean that all claims by limited partners are direct.

In contrast with the instant case, the facts of *Johnson* support a direct claim by the limited partners. The limited partnership in *Johnson* built, owned, and operated an office building in Austin, Texas. Some of the limited partners, including the *Johnson* plaintiffs, leased office space in the building. Each tenant was responsible for "finishing-out" its office space. In supervising this final phase of construction on the building, the general partner received "developer's fees" from the contractors, including those contractors hired by the limited partners/tenants to finish-out their office space. The contractors added the developer's fee to the amount they charged the tenants. The limited partners/tenants were unaware of this practice. Thus, the issue before the Texas Court of Appeals was whether the general partner owed a fiduciary duty arising out of the limited partnership to the limited partner/tenants. The general partner claimed that he owed no such duty because the questioned transaction occurred in the landlord/tenant context. The Texas Court of Appeals concluded that the general partner owed a fiduciary duty to the limited partners because the partnership owned the building and the operation of the building was the subject of the suit.

The *Johnson* court held that the individual limited partners/tenants could maintain direct claims for breach of fiduciary duty for increasing the cost of their construction through developer's fees without their knowledge. This cannot be construed as a harm to the partnership itself. It is important to note that the court went to great lengths to differentiate the claims of the individual limited partners from any claims of the partnership itself. 763 S.W.2d at 499. The Court explicitly held:

> For a breach of the duty owed them, [the limited partners/tenants] were entitled to seek recovery from [the general partner] for actual and exemplary damages. The partnership has no legally cognizable claim to share in [the limited partners/tenants'] individual recoveries from [the general partner].

*Id.* In fact, the trial judge already had severed the separate claims, leaving the partnership's claims pending at the trial level while the limited partners pursued their appeal. The Court therefore finds that *Johnson* in inapposite to the instant case.

In summary, the Court concludes that the claims asserted by NYL against RAMCO are derivative claims. Thus, the Partnership is an indispensable party to the instant action under Fed.R.Civ.P. 19(b). In light of the necessity of joining the Partnership, the Court does not have subject matter jurisdiction over this case.

Accordingly, Defendants' Motion on Non-Waivable Jurisdictional Issues is granted (Docket #163). This action is hereby dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.