Hinkle, J.
Plaintiff Stuart L. Houser[2] seeks (1) a decree of dissolution of defendant River Loft Associates Partnership (River Loft), a Massachusetts limited partnership, and (2) damages for an alleged breach of fiduciary duty by the two general partners of River Loft, defendants Congress Realty Corporation and CRC Congress Realty Corporation, and the corporation which controls the general partners, defendant Apartment Investment and Management Company (AIMCO). Defendants have moved to dismiss plaintiffs complaint for failure to state a claim upon which relief can be granted. After hearing and for the reasons stated below, defendants motion to dismiss is ALLOWED.
BACKGROUND
For purposes of evaluating defendants motion to dismiss, I accept as true the facts alleged in plaintiffs complaint. See Spinner v. Nutt, 417 Mass. 549, 550 (1994). Because the complaint relies on and refers to the River Loft partnership agreement, I also consider the agreement notwithstanding the fact that it was neither appended to the complaint nor explicitly incorporated by reference.[3] See Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998) (When a complaint’s factual allegations are expressly linked to and admittedly dependent upon a document, the authenticity of which is not challenged, that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under [Fed.R.Civ.P.] 12(b)(6)); see also Waldman v. American Honda Motor Co., Inc., 413 Mass. 320, 325 (1992) (judicial construction of federal rules of civil procedure applies to analogous state rules).
River Loft was organized under the Massachusetts Uniform Limited Partnership Act in November of 1987. The two general partners of River Loft are Congress Realty Corporation and CRC Congress Realty Corporation. AIMCO, a Maryland real estate investment trust established in 1994, has controlled the general partners since December of 1997. The partnership was formed to acquire and operate the River Loft Apartments, a 198-unit complex in Pennsylvania. Promotional materials distributed to investors created the impression that the partnership’s holding period would be approximately seven years. Plaintiff assumed from these materials that liquidation and dissolution would occur by 1994, when the property would be converted to condominium ownership and the proceeds from the sale of the condominium units would be distributed to the partners. The partnership agreement, however, provides for the partnership’s continuation, in the absence of specified events including the sale of all or substantially all assets, until December 31, 2037.
Defendants have not converted the River Loft Apartments to condominiums, nor have they indicated any intent to sell the property at the best price available and distribute the proceeds to the limited partners. On several occasions AIMCO has offered to purchase the property for less than fair market value, including an offer for $43,512 per unit in July of 1997. The partnership has rejected all tender offers by AIMCO. Defendants also have rejected several third-party offers that were significantly higher than AIMCO’s July 1997 offer, one being approximately $91,208 per unit.
DISCUSSION
Defendants base their motion to dismiss on plaintiffs alleged failure to state a claim upon which relief can be granted. Under the standard for reviewing Rule 12(b)(6) motions, I must accept as true all facts alleged in the complaint and draw all reasonable inferences which are favorable to plaintiff. See Spinner v. Nutt, 417 Mass. at 550. I cannot dismiss his complaint for failure to state a claim unless it appears beyond doubt that he can prove no set of facts in support of his claim that would entitle him to relief. See Bell v. Mazza, 394 Mass. 176, 184 (1985). Where, as here, a complaint sets out detailed factual allegations upon which the plaintiff claims to be entitled to relief, a motion to dismiss may be allowed if an element essential to the cause of action is not alleged. Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 51, rev. den., 409 Mass. 1104 (1991) (while vague complaint rarely meets standard for dismissal, sufficiently de *624 tailed complaint may afford fair basis for determination that no set of facts entitle plaintiff to relief); Fabrizio v. Quincy, 9 Mass.App.Ct. 733, 734 (1980).
I. Statutory Dissolution
Count I of plaintiffs claim seeks a decree of dissolution. The Superior Court may decree dissolution of a limited partnership whenever it is not reasonably practicable to carry on the business in conformity with the partnership agreement. G.L.c. 109, §45. Even assuming that an action for statutory dissolution need not be brought derivatively,[4] the facts alleged in plaintiffs complaint fail to show that it is not reasonably practicable to carry on the business in conformity with the partnership agreement.
The essence of plaintiffs complaint for dissolution is that the general partners have carried out a systematic course of self-dealing in which they refuse to liquidate the partnership in accordance with its investment objectives. Plaintiff alleges that it is not reasonably practicable to carry on the business of the partnership because, years after the partnerships projected life has expired, defendants continue to reject third-party offers to buy the assets. Notably absent from the complaint, however, are references to specific provisions of the partnership agreement that would enable plaintiff to establish impracticability to carry on the business in conformity with the partnership agreement.
A review of the partnership agreement reveals that it is reasonably practicable to carry on the business in conformity with the agreement. The stated purpose of the partnership is to acquire (by lease, purchase or otherwise), construct, rehabilitate, develop, improve, expand, own, maintain, operate, lease, sell, and otherwise deal with the Property (including, without limitation, the conversion of the Property to condominium or cooperative ownership). Plaintiff concedes that the general partners continue to operate the property. Nothing in the agreement mandates the sale of partnership assets and dissolution of the partnership until December 31, 2037. Thus, while representations outside the partnership agreement allegedly imposing a duty on defendants to liquidate the partnership may support a tort or contract claim, conclusory allegations that defendants misconduct has made it impracticable to carry on the partnership’s business in conformity with the partnership agreement are insufficient to withstand defendant’s motion to dismiss the claim for statutory dissolution. See Quincy City Hosp. v. Labor Relations Commn, 400 Mass. 745, 750 (1987) (allegations amounting to no more than conclusory statements cannot state claim entitling plaintiff to relief).
II. Breach of Fiduciary Duty
Count II of the complaint, which alleges breach of fiduciary duty, rests on the allegations underlying plaintiffs statutory dissolution claim; defendants failed to give adequate consideration to third-party offers and acted only to benefit themselves, thereby preventing the limited partners from obtaining fair value for their investments. Defendants assert that Count II should be dismissed because it is derivative and cannot be maintained in a direct action.
The distinction between derivative and direct actions in the limited partnership context involves the same analysis as is applied to shareholder suits. See Reeve v. Folly Hill Ltd. Partnership, 36 Mass.App.Ct. 90, 96 (1994) (noting the affinity of purpose between the limited partnership and the business corporation) (quotation omitted); Blasberg v. Oxbow Power Corp., 934 F.Supp. 21, 26 (D.Mass. 1996). A derivative action seeks, after management has failed or refused to act, to redress a wrong to a corporation or an association . . . [T]he wrong underlying a derivative action is indirect, at least as to the shareholders. It adversely affects them merely as they are the owners of the corporate stock; only the corporation itself suffers the direct wrong ... [A] complaint alleging mismanagement or wrongdoing on the part of corporate officers or directors normally states a claim of wrong to the corpora- • tion; the action, therefore, is properly derivative. Jackson v. Stuhlfire, 28 Mass.App.Ct. 924, 925 (1990) (quoting James W. Smith & Hiller B. Zobel, Rules Practice §23.1.1, at 127 (1975) (emphasis in original)).
Plaintiff claims that defendants acts prevented the limited partners from obtaining fair value for their Units. Plaintiffs Memorandum in Opposition at 12. A limited partner’s unit is a portion of the Investor Limited Partner Class Contribution representing a Capital Contribution of $80,000. Capital contributions are partnership properly. The alleged injury suffered by plaintiff therefore is derivative of the harm to the partnership, i.e., the alleged diminution in the value of the partnership. Plaintiff seeks to recover for the diminution of the value of his proportionate interest in the partnership.
Limited partners whose claim for damages is only to the extent of their proportionate interest in the partnership may only seek redress through a derivative action. Compare Reeve v. Folly Hill Ltd. Partnership, 36 Mass.App.Ct. at 97 (limited partners claim for breach of fiduciary duty owed especially to him was not derivative), with Partnership Equities, Inc. v. Marten, 15 Mass.App.Ct. 42, 50 (1982) (derivative suits are appropriate remedy for breach of duty owed all limited partners); see also Blasberg v. Oxbow Power Corp., 934 F.Supp. at 26; Abeloff v. Barth, 119 F.R.D. 332, 334 (D.Mass. 1988); Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Serv., 1996 WL 506906, *19 (Del. Ch.), affd, 692 A.2d 411 (Del. 1997) (limited partners claim for damages is clearly derivative because damages for general partner’s breach of fiduciary duties are recoverable by partnership and all its partners). Accordingly, Count II cannot be maintained as a direct action.
*625 A limited partner’s complaint in a derivative action must set forth with particularity that partner’s effort to secure initiation of the action by a general partner or the reasons for not making such an effort. G.L.c. 109, §58, and Mass.R.Civ.P. 23.1. Plaintiffs failure to comply with the demand requirements of §58 and Rule 23.1 therefore precludes Count II.
ORDER
For the foregoing reasons, defendants motion to dismiss is ALLOWED.

AIthough plaintiff designates his complaint as a class action, this case has not been certified as a class action under Mass.R.Civ.P. 23, nor has any motion been filed to that effect.

Defendants attached the partnership agreement as Exhibit A to their memorandum in support of their motion to dismiss. Plaintiff has not disputed the authenticity of defendants’ submission.

No appellate court in Massachusetts appears to have determined whether an action for dissolution under c. 109, §45, must be brought derivatively. Compare Alan R. Bromberg and Larry E. Ribstein, Bromberg and Ribstein on Partnership §15.04(f) (1998) (direct claims generally include dissolution and winding up by court decree), with Moore v. Simon Enters., Inc., 919 F.Supp. 1007, 1010 (N.D. Tex. 1995) (plaintiffs claim seeking dissolution of limited partnership must be brought derivatively); New York Life Ins. Co. v. Ramco Holding Corp., 938 F.Supp. 754, 757 (N.D. Okla. 1996) (plaintiffs claim seeking dissolution of limited partnership is derivative of partnership’s claim).