**FIASILI HALECK, RAYMOND M. McMOORE, SESE McMOORE, on behalf of themselves and as shareholders of TRT, Inc., Plaintiffs,**

**v.**

**TRT, INC., AMERICAN SAMOA 2000, INC., AGAOLEATU C. TAUTOLO, AGAESE ACE TAGO, MURRAY R. DRAKE, RAYMIE P. SNOW, and DOES I-XX, Defendants.**

High Court of American Samoa
Trial Division

CA No. 20-02

September 16, 2002

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala´ilima
For Defendants TRT, Inc., American Samoa 2000, Inc., and Agaoleatu C. Tautolo, William H. Reardon

## ORDER DENYING MOTION TO DISMISS

Plaintiffs Fiasili Haleck ("Haleck"), Raymond McMoore and Sese McMoore (together "the McMoores") filed a five-count complaint styled primarily as a shareholder's derivative suit. Though the prayer suggests that the first count is a derivative action, Haleck and the McMoores developed this count for relief in their personal capacities. In the last count, Haleck clearly asserts relief in her personal capacity. Defendants TRT, Inc. ("TRT"), American Samoa 2000, Inc. ("AS2000"), and Agaoleatu C. Tautolo ("Agaoleatu") moved, pursuant to T.C.R.C.P. 12(b)(6), to dismiss the complaint on the ground that each of the five counts failed to state a claim upon which relief can be granted.[1] The

---

[1] As of the date of entry of this order, defendants Agaese Ace Tago,

Court has considered counsel's arguments and will deny the motion.

## Standard of Review

■ In deciding a motion to dismiss for failure to state a cause of action, the complaint is interpreted in light most favorably to the plaintiff. *See Beaver v. Cravens*, 17 A.S.R.2d 6, 8 (Trial Div. 1990); T.C.R.C.P. 8(f). The facts as alleged in the complaint are accepted as true. *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). Great specificity is not required to survive a motion so long as "the pleadings give the defendant notice of the nature of the claims against him." *Morse v. Regents of University of Colorado*, 154 F.3d 1124, 1127 (10th Cir. 1998); *see also ASG Employees Federal Credit Union v. Gurr*, 26 A.S.R.2d 87, 94 (Trial Div. 1994); T.C.R.C.P. 8(e)(1) (pleading shall be simple, concise and direct). Indeed, when read in conjunction with T.C.R.C.P. 8, motions to dismiss are "viewed with disfavor and [are] rarely granted." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTIVE AND PROCEDURE § 1357 (1990); *compare Pene v. Am. Samoa Power Auth.*, 4 A.S.R.2d 152, 154 (Trial Div. 1987) (dismissing without prejudice).

### I. Sufficiency of the Pleadings

In light of this liberal standard, we conclude that all five counts of the complaint properly put forth causes of actions.

#### A. Misrepresentation

In the first cause of action, Haleck and the McMoores claim that Agaoleatu and Tago intentionally or negligently misrepresented to them the interest that TRT would acquire in the McDonald's franchise. Drawing all reasonable inferences in favor of Haleck and the McMoores, their pleadings, both explicitly and implicitly, support such a claim.[2]

---

Murray R. Drake, and Raymie P. Snow have not been served of record with process, and have not answered the complaint or otherwise appeared in this action.

[2] In their opposition to the motion to dismiss, Haleck and the McMoores frame their argument in terms of promoter liability for nondisclosure. Technically, promoter liability applies to preincorporation activities. *See* 18 AM. JUR. 2D *Corporations* §§ 98-149 (1985). Under this theory, Agaoleatu and Tago might be liable if their conduct were related to the incorporation of AS2000. However, if liability stems from their conduct in soliciting money for TRT, then the tort of misrepresentation seems to better suit their legal theory of recovery. In either case, we will not dismiss as long as the pleadings contain "allegations respecting all the material elements to sustain recovery under *some* viable legal theory."

B. Injunctive Relief

In the second cause of action, Haleck and the McMoores on behalf of themselves and similarly situated shareholders seek an injunction barring Agaoleatu, Tago, Drake, and Snow from continuing to represent themselves as TRT's current board. This stems from the allegations that Agaoleatu, Tago, Drake, and Snow do not constitute a duly appointed board. Assuming this to be true, all acts of this new board are unlawful and void. *See Beaver v. Cravens*, 19 A.S.R.2d 14, 26 (Trial Div. 1991). An injunction may therefore be the appropriate remedy. *See Lutali v. Foster*, 24 A.S.R.2d 39, 41 (Trial Div. 1993).

C. Audit

By the third cause of action, Haleck and the McMoores on behalf of themselves and similarly situated shareholders also seek access to the records of TRT and AS2000 for purposes of conducting a pretrial independent audit. "One of the basic incidents of corporate ownership is the right of shareholders . . . to inspect the books and records of the corporation whose stock they hold." *Fleisher Dev. v. Home Owners Warranty Corp.*, 856 F.2d 1529, 1530 (D.C. Cir. 1988); *see also* A.S.C.A. § 30.0160(b).[3] The right was originally recognized under the common law but most jurisdictions, including American Samoa, have enacted statutes that should be read as enlarging or, at the very least, codifying that right. *See, e.g., Schwartzman v. Schwartzman Packing Co.*, 659 P.2d. 888, 891 (N.M. 1983); 18 AM. JUR. 2D *Corporations* § 348 (1985). Despite the arguments to the contrary put forward by Agaoleatu, TRT, and AS2000, we therefore conclude that a right to inspection does exist in the Territory.

In order to proceed at this stage in the lawsuit, Haleck and the McMoores need only plead that they are stockholders, that they made demands to examine the records, and that their demands were refused. *See generally* 18 AM. JUR. 2D *Corporations* § 411, n.28 (1985).

---

*Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) (emphasis added; citations omitted).
[3] A.S.C.A. § 30.0160(b) provides, in part:

> Any corporation organized under the laws of American Samoa shall be subject to the right of . . . any person who is a stockholder of record of any such corporation, to call for the production of and to examine, in person or by duly authorized agent or attorney, at any reasonable time or times and for proper purpose, the stock records, minutes and records of stockholders meetings, and the books and records of accounts, and to make extracts therefrom.

Additionally, A.S.C.A. § 30.0160(b), as do most statutes, requires a showing of proper purpose. The allegations of Haleck and the McMoores meet these requirements and, within the facts of these pleadings, their motives for inspection are indeed proper. *See In re LTV Secs. Litigation*, 89 F.R.D. 595, 610 (N.D. Tex. 1981) (investigation of improper corporate management deemed proper purpose); *Hagy v. Premier Mfg. Corp.*, 172 A.2d 283, 286 (Pa. 1961) (same).

## D. Breach of Fiduciary Duty

In the fourth cause of action, Haleck and the McMoores for themselves and similarly situated shareholders claim that Agaoleatu, as a director and controlling shareholder of TRT, has breached his fiduciary duty to the corporation. This cause of action has been properly plead and is supported by our own case law. *See Haythornwaite v. Transpac Corp.*, 6 A.S.R.2d 110, 111 (Trial Div. 1987).

## E. Guarantee

In the fifth and last cause of action, Haleck in her personal capacity claims that as guarantor of the bank loan to TRT, she is entitled to payment of guarantee fees and that these payments have been withheld. It appears that Haleck means to state that, in consideration for undertaking to guarantee the loan, TRT agreed to pay Haleck guarantee fees, and she therefore has a cognizable claim. The lack of an express allegation to this effect is probably oversight. However, Haleck and the McMoores should amend their pleadings to include a reference to the basis for Haleck's fees.

## II. Pleading Amendments

Despite our ruling, there are certain deficiencies in the pleadings that need to be corrected. The deficiencies are not, however, fatal to the case pled by Haleck and the McMoores.

■ First, in addition to matters noted above, each count of the complaint failed to incorporate the previous paragraphs detailing the allegations of the suit. Also, though the first count seeks redress for misrepresentation against Agaoleatu and Tago, the reference in paragraph 11 to paragraph 6 seems to inadvertently point the finger at Drake. Both matters are easily remedied.

■ More important, however, is the fact that counts two, three, and four are framed in terms of a shareholder derivative suit. Shareholder derivative suits are governed not only by T.C.R.C.P. 8-12 but also by T.C.R.C.P. 23.1. Rule 23.1 requires that the complaint be verified and

allege (1) that Haleck and the McMoores were shareholders at the time of the transactions about which they complain; (2) that the action is not a collusive one to confer jurisdiction on a court of American Samoa; (3) the efforts made to obtain the relief requested from the directors of TRT and AS2000 and, if necessary, from the shareholders; and (4) the reasons for the failure to obtain such relief or for not making the effort. Haleck and the McMoores must fairly and adequately represent the interests of the shareholders or members similarly situated.[4]

Haleck and the McMoores have met most of these requirements. They have not, however, alleged that the action is not a collusive one to confer jurisdiction,[5] or alleged whether or not it was necessary to request relief from the shareholders.[6] Haleck and the McMoores should make these allegations explicit in their pleadings so as to be in conformity with T.C.R.C.P. 23.1.

### Order

For these reasons stated above, the motion to dismiss is denied. However, Haleck and the McMoores must correct by amendment the matters in their complaint noted above.

It is so ordered.

---

[4] Haleck and the McMoores do not have to plead this requirement, however, as the burden is on the defendant to prove the conflict. *See Abeloff v. Barth*, 119 F.R.D. 332, 335 (D. Mass. 1988).

[5] The genesis for this requirement seems to come from the Federal Rules of Civil Procedure. Those rules, in turn, stem from the *pre-Erie* days where federal courts sitting in diversity jurisdiction may have provided a more favorable forum for a plaintiff. After *Erie,* the rule has declined in importance and a "conclusory allegation phrased in the language of the rule normally will suffice." 7C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1830 (1990).

[6] Whether a demand on the shareholders is necessary is a question of local law. Regardless, a demand is unnecessary "when the majority shareholders are the alleged wrongdoers, are controlled by the alleged wrongdoers, or have interest that would be adversely affected if the corporation brought suit." 7C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1832 (1990); *see also Brody v. Chem. Bank*, 482 F.2d. 1111, 1114 (1973) (proper remedy is not to dismiss but to allow plaintiff to replead).