United States Court of Appeals,

Fifth Circuit.

No. 93-1596.

James G. BANKSTON, Independent Executor of the Estate of W.O.
Bankston, substituted in place and stead of W.O. Bankston,
deceased, Plaintiff-Appellee,

v.

William L. BURCH, Individually and as general partner of The Kona
Hills Estates, a Hawaii Limited Partnership, Defendant-Appellant.

July 29, 1994.

Appeal from the United States District Court for the Northern
District of Texas.

Before WISDOM and JONES, Circuit Judges, and COBB,[*] District Judge.

WISDOM, Circuit Judge:

The general partner of a limited partnership appeals from the
district court's judgment in a derivative lawsuit brought by a
limited partner. Because the claims the limited partner pleaded
derive from the partnership's rights, the partnership's citizenship
must be considered in determining whether federal diversity
jurisdiction exists. When the partnership's citizenship is taken
into account, there is no complete diversity of citizenship.
Therefore, the district court lacked subject matter jurisdiction.
We REVERSE and REMAND and direct the district court to remand the
case to the state court from which it was removed.

I.

Only a few of the complex facts in this case are pertinent to

[*]District Judge of the Eastern District of Texas, sitting by
designation.

this appeal.  Plaintiff/appellee W.O. Bankston[1] is one of fourteen limited partners in The Kona Hills Estates, a Hawaii limited partnership ("Kona Hills" or "the partnership"). Defendant/appellant William L. Burch is the general partner.  The partnership was formed for the purpose of purchasing and developing real estate in Hawaii.  Bankston is a citizen of Texas;  Burch, of California.  For purposes of federal diversity jurisdiction, the partnership itself is considered a citizen of every state of which a general or a limited partner is a citizen.[2]

In 1990, Bankston sued Burch in Texas state court.  Bankston's original petition stated claims for fraud or negligent misrepresentation, breach of fiduciary duty, mismanagement and waste of partnership assets, and breach of contract.  Bankston also sought an accounting, dissolution of the partnership, removal of Burch as general partner, a temporary injunction against Burch's further dissipation of partnership assets, a declaratory judgment that some of Burch's expenditures were improperly charged against the partnership, and punitive damages.  Bankston's original complaint pleaded all causes of action as personal to Bankston himself;  Bankston's petition never represented that he brought any claims on behalf of, or as a representative of, the partnership.

---

[1]W.O. Bankston died after the commencement of this lawsuit. James G. Bankston, the executor of W.O. Bankston's estate, has been substituted on this appeal as the named plaintiff.  All subsequent references to "Bankston" in this opinion refer to W.O. Bankston.

[2]*See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990);  *Whalen v. Carter,* 954 F.2d 1087, 1094-95 (5th Cir.1992).

On October 9, 1990, Burch removed the case to the United States District Court for the Northern District of Texas based on the diversity of citizenship between himself and Bankston. The parties proceeded with discovery, and the case was set for trial. Trial was scheduled to begin October 1, 1991.

The day before trial, Burch filed a motion to dismiss Bankston's claims on the grounds that federal subject matter jurisdiction was lacking, Fed.R.Civ.P. 12(b)(1). Burch first alleged that Bankston lacked standing under the applicable Hawaii statutes to press the claims pleaded against Burch. Burch also argued that Bankston had "failed to join the Limited Partnership and the individual limited partners in this action.... as indispensable parties" under Fed.R.Civ.P. 19 and 12(b)(7).

The district judge considered Burch's motion in chambers on September 30, 1991. Obviously troubled by the presentation of the motion literally on the eve of trial, the district judge decided to carry the motion with the case and proceeded to trial.

The case was tried to a jury October 1-3, 1991. The jury verdict was for Burch on Bankston's claims that Burch reduced his partnership interest and unreasonably refused to consent to Bankston's proposed sale of his interest. The jury found that Burch had charged a total of $623,050.50 in personal or unreasonable and excessive expenses to the partnership. It also found that Burch had sent false and fraudulent statements to Bankston in Texas and that Burch should be removed as general partner. The jury found that Bankston's claims against Burch

3

accrued for limitations purposes in March 1986.  Finally, the jury found that Bankston was entitled to $250,000 in punitive damages.

On October 11, Bankston moved for entry of judgment and for judgment notwithstanding the verdict on those claims rejected by the jury.  In this motion, Bankston for the first time acknowledged that some of his claims were derivative in nature.[3]  Bankston also for the first time disclaimed an exclusive personal interest in the damage award, conceding that "any money or judgment received by Bankston, in his name, for partnership claims would be held by him as trustee or agent of the partnership".[4]  Bankston's motion represented, inaccurately, that his pleadings had involved derivative claims all along.  That attempted feat of legerdemain would have allowed Bankston to recharacterize Burch's pretrial motion to dismiss—again, not accurately—as merely a challenge to Bankston's *capacity* to bring derivative claims on behalf of the partnership, rather than his *standing* to sue.  The distinction is important because objections to capacity may be waived if not timely asserted, but objections to standing are jurisdictional in nature and can be raised at any time.[5]

The district court accepted Bankston's reformulation of the

---

[3]Specifically, the motion alleged that "Bankston's Original Petition requested certain relief be awarded to Bankston for wrongs done to *both* him and the partnership."  2 Rec. 479.  That sentence inaccurately characterizes Bankston's original petition.  Until the filing of his Motion for Judgment, nothing in the record suggests that Bankston regarded the claims he asserted as derivative of the partnership's own rights.

[4]*Id.* at 480;  *see also id.* at 481 n. 3.

[5]Fed.R.Civ.P. 12(h)(3).

case. It granted Bankston's motion for judgment, finding that Burch had "confuse[d] the issue of standing with the defense of a lack of capacity to sue", and ruled that Burch's " "improper capacity' defense", even if valid, had been waived.

Burch appealed to this Court. He contends that the district court had no subject matter jurisdiction to enter judgment on a derivative claim. We agree.

## II.

*A. Derivative Claims by Limited Partners*

Limited partners have less management responsibility for the partnership than its general partners. With that reduced responsibility and reduced exposure to liability come reduced individual rights. "It is well-settled," a New York federal court recently observed, "that the only direct lawsuit against general partners that a limited partner can bring in an individual, non-representative capacity consists of an action for an accounting."[6]

Limited partners can, if permitted by statute, sue derivatively to enforce rights belonging to the partnership.[7] In

---

[6]*Lenz v. Associated Inns & Restaurants Co. of Am.,* 833 F.Supp. 362, 379 (S.D.N.Y.1993). Bankston's original complaint included a demand for an accounting. The district court's final judgment which is before us for review, however, makes no mention of an accounting, and the parties' briefs do not discuss it. Plainly the derivative claims overwhelm any individual claim for an accounting in this case.

[7]*See, e.g.,* Haw.Rev.Stat. § 425D-1001. *See generally* 4 Alan R. Bromberg & Larry E. Ribstein, Bromberg & Ribstein on Partnership § 15.05 (1994); Debra E. Wax, Annotation, *Right of Limited Partner to Maintain Derivative Action on Behalf of Partnership,* 26 A.L.R.4th 264 (1983).

such derivative lawsuits, the form of the lawsuit does not obscure its substance:  it is the *partnership's* rights, not the limited partner's, that the lawsuit seeks to vindicate.[8]  Because the partnership possesses the right sought to be enforced, the partnership is, at a minimum, the real party in interest in a derivative lawsuit.[9]

*B. Indispensability of the Partnership*

In this case, the partnership is even more than the real party in interest—it is an *indispensable* party without whom the lawsuit should not have gone forward.[10]

In *Whalen v. Carter,*[11] we confronted the question whether a partnership was an indispensable party in a lawsuit brought by limited partners charging the managing partners of a partnership

---

[8]*Phillips v. Kula 200 II,* 667 P.2d 261, 265 (Haw.Ct.App.1983).  "A statutory authorization of derivative suits implies that limited partners may enforce partnership rights *only* through a derivative suit."  4 Bromberg & Ribstein § 15.05(g)(7) (emphasis added).

[9]*See* 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 1542 (2d ed. 1990);  *cf.* Fed.R.Civ.P. 17(a).

[10]*See* 4 Bromberg & Ribstein § 15.05(g)(7), commenting that a limited "partnership is usually an indispensable party but may be named as a nominal defendant in a derivative suit" brought by a limited partner;  3B James W. Moore & John E. Kennedy, Moore's Federal Practice ¶ 23.1.21[1] (2d ed. 1994), noting that in a derivative lawsuit brought against a corporation, "the corporation is indispensable and must be joined as a party".  In *Buckley v. Control Data Corp.,* 923 F.2d 96, 98 (8th Cir.1991), a partnership case, the court, citing Moore, noted that "[i]t is well established that an entity on whose behalf a derivative claim is asserted is a necessary defendant in the derivative action."

[11]954 F.2d 1087 (5th Cir.1992).

with fraud.  We concluded that it was.  We first noted the four

factors identified in Fed.R.Civ.P. 19(b) as relevant to the

determination whether a party is indispensable:

> (1) to what extent a judgment rendered in the party's absence
> might be prejudicial to that party or others in the lawsuit;
> (2) the extent to which, by protective provisions in the
> judgment, by the shaping of relief, or other measures, the
> prejudice can be lessened or avoided; (3) whether a judgment
> rendered in the party's absence will be adequate; and (4)
> whether the plaintiff will have an adequate remedy if the
> party cannot be joined.[12]

We concluded that, on balance, the test favored holding the

partnership an indispensable party.  We noted that the judgment

would prejudice the partnership's rights and that shaping the

relief provided inadequate protection to the partnership's

interest.  We consider the reasoning of *Whalen* sound and we follow

it today in holding that Kona Hills was an indispensable party in

Bankston's derivative lawsuit.[13]

The Eighth Circuit reached a similar result in *Buckley v.

Control Data Corp.,*[14] a case we find persuasive.  In *Buckley,*

limited partners sued a general partner, alleging various

---

[12]*Id.* at 1096.

[13]In *Whalen,* we also rejected the argument Bankston advanced
at oral argument in this case based on *Freeport-McMoRan, Inc. v.
K N Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951
(1991).  Bankston argued that addition of a non-diverse party
(the partnership) now would not destroy diversity jurisdiction
because complete diversity existed among the named parties when
the lawsuit was initially filed.  The *Freeport-McMoRan* rule,
however, requires that jurisdiction be proper "at the time [the]
action is commenced".  *Id.* at 428, 111 S.Ct. at 859-60.  Here, as
in *Whalen,* it was not; accordingly, *Freeport-McMoRan* has no
application in this case.

[14]923 F.2d 96 (8th Cir.1991).

derivative causes of action. The court ruled that the limited partnership, as the holder of the rights from which the limited partners' claims derived, was an indispensable party to the litigation. Although *Buckley* turned in part on the particularities of Minnesota partnership law, its reasoning is of sound general applicability and harmonious with the applicable Hawaii statutes in this case.

It is undisputed that the partnership itself was never named as a party in this case, either in state or federal court. That does not control our jurisdictional inquiry, however. The inquiry into the existence of complete diversity requires considering the citizenship even of absent indispensable parties.[15] The parties may not manufacture diversity jurisdiction by failing to join a non-diverse indispensable party.

*C. Diversity Jurisdiction and Limited Partnerships After Carden*

The clear law after the Supreme Court's decision in *Carden v. Arkoma Associates*[16] is that the citizenship of all partners, limited as well as general, controls the citizenship of the limited partnership itself.[17] Bankston suggests that we distinguish *Carden,* because this case is in federal court on removal, rather than having been originally filed in federal court. We find *Carden* controlling. We have resisted attempts to carve exceptions from

---

[15]*See* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3606 (2d ed. 1984).

[16]494 U.S. 185, 110 S.Ct. 1015 (1990).

[17]*Id.* at 195-96, 111 S.Ct. at 1021.

*Carden,* even though we acknowledged that the decision effectively closes the doors of the federal courts to many lawsuits among partners or by partners against a partnership.[18]

Under *Carden,* Kona Hills is a citizen of, at a minimum, Texas and California. Because Bankston is a citizen of Texas, and because Kona Hills is an indispensable party defendant for Bankston's derivative claims, there is no complete diversity of citizenship.[19] Accordingly, the district court lacked subject matter jurisdiction over the claims Bankston asserted. We must, therefore, reverse the district court's judgment and remand to the district court with instructions to remand this case to the state court from which it was removed.[20]

### III.

Bankston, anticipating our holding today, requests that in

---

[18]*See Whalen,* 954 F.2d at 1095, in which we stated:

> Whalen.... complain[s] that if partnerships are *always* to be considered citizens of the same states in which their partners are citizens, then partners could never assert diversity jurisdiction in a suit against the partnership.... [We] refuse to recognize ... an exception.

Other decisions declining to make exceptions to the general rule of *Carden* include *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n,* 946 F.2d 390, 393 (5th Cir.1991); *Newport Ltd. v. Sears, Roebuck & Co.,* 941 F.2d 302, 306-07 (5th Cir.), *reh'g en banc denied,* 946 F.2d 893 (5th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992).

[19]*See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

[20]*Warren G. Kleban Eng'g Corp. v. Caldwell,* 490 F.2d 800, 803 (5th Cir.1974).

9

the event of a remand we make an award of costs and attorneys' fees in his favor.[21]  Bankston argues that Burch's "dilatory" conduct in removing the case to federal court cost Bankston three years of fruitless effort.

We decline to make the requested award.  Bankston himself bears a substantial share of the responsibility for this case's lengthy but futile sojourn in the federal courts.  Had Bankston pleaded his derivative claims as derivative claims, rather than attempting to cast them as personal to himself, the indispensability of the partnership as a party would have been immediately apparent.

We REVERSE the district court's judgment and REMAND the case to the district court with instructions to remand the case to state court.

---

[21]Bankston relies on 28 U.S.C. § 1447(c), which provides in part:  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."