United States Court of Appeals,

Fifth Circuit.

No. 95-40574.

W.H. AVITTS, et al., Plaintiffs-Appellees,

v.

AMOCO PRODUCTION CO., et al., Defendants-Appellants.

April 28, 1997.

Appeals from the United States District Court for the Southern District of Texas.

Before DAVIS, SMITH and DUHÉ, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendants-appellants appeal an order imposing costs and attorney's fees against them for improper removal under 28 U.S.C. § 1447(c). We reverse the order and remand this case to the district court for the limited purpose of taxing costs under Fed.R.Civ.P. 54.

I.

Appellees are landowners who contend that their property was harmed by Amoco's operations in the West Hastings Field. Appellees initiated this litigation by filing separate suits in Texas state district court.

In their state court complaints, appellees alleged that their damages caused by Amoco were in violation of "not only State law but also Federal law." Based on federal question jurisdiction, Amoco removed the case to federal court in October 1990. The district court then consolidated appellees' suits.

Along with its notice of removal, Amoco filed a Fed.R.Civ.P.

12(e) motion for a more definite statement, to determine what federal law Appellees claimed Amoco had violated. The magistrate judge summarily denied Amoco's motion, directing Amoco to seek this clarification through interrogatories. Consistent with the magistrate's direction, Amoco served appellees with interrogatories asking appellees to specify their federal causes of action. In response, appellees stated that they "believed" they had a claim against Amoco under at least four, and maybe more, federal laws.[1]

Appellees filed the first of several amendments in July 1991. The first amendment removed the reference to federal law contained in the original complaint; nonetheless, appellees continued to allege in their pleadings that the district court had jurisdiction over these actions pursuant to 28 U.S.C. § 1331. Appellees' third amendment, filed October 17, 1991, named for the first time Apache Corporation ("Apache") and MW Petroleum Corporation ("MW") as co-defendants.

After the pre-trial conference, all the defendants moved to dismiss the action on grounds that the district court had no federal question or diversity jurisdiction over any part of the action. Appellees opposed the motion, arguing that the district court had authority to entertain the action under its pendent jurisdiction. Appellees persuaded the district court to deny the motion to dismiss and retain the case in federal court. In fact,

---

[1]Appellees cited "18 U.S.C. § 1962 ("RICO'), 42 U.S.C. § 300, *et. seq.,* ("Family Planning and Population Act') 33 U.S.C. § 1251 ("Clean Water Act 1977') 42 U.S.C. § 7401, *et. seq.* ("Clean Air Act'), as "applicable' to this suit."

the district court embraced the appellees' position and characterized the defendants' jurisdictional arguments as "meritless."

Four days after the trial began, the district court, on its own motion, issued a mandatory injunction requiring Amoco, Apache, and MW to conduct an environmental study of the relevant property. The district court also awarded $644,141.99 in interim attorney's fees and expenses to appellees under the authority of the Federal Oil Pollution Act of 1990, 33 U.S.C. § 2701-2761. Amoco, Apache, and MW appealed these orders. In *Avitts v. Amoco Production Co.,* 53 F.3d 690, 692 (5th Cir.1995), this court held that appellees had never asserted a federal cause of action and as a result the district court did not have subject matter jurisdiction. The district court's orders were thus vacated and the case was remanded to the district court with instructions to remand the case to state court.

Upon remand to the district court, appellees moved for "just costs and actual expenses, including attorney fees" under 28 U.S.C. § 1447(c). The district court overruled the defendants' objection, granted the motion, and held Amoco, Apache, and MW jointly and severally liable under § 1447(c) for $641,509.46, representing appellees' costs and attorney's fees. The district court then remanded the action to state court. Amoco, Apache, and MW timely appealed the district court's § 1447(c) order.

## II.

The question we face is whether the district court erred in

3

holding Amoco, Apache, and MW liable for attorney's fees and costs under § 1447(c).  We look first, of course, to the statute itself.  Section 1447(c) provides:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of removal.*

28 U.S.C.A. § 1447(c) (West 1994)(emphasis added).

Plaintiffs added Apache and MW as defendants after Amoco removed this action to federal court.  In *Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993), we held that a court's discretion to award attorney's fees under § 1447(c) is triggered only if the court first finds that the defendant's decision to remove was legally improper.  *Id.* at 929.  As *Miranti* makes clear, the propriety of the defendant's action in removing the case is central to the determination of whether fees are awarded.  *Id.* at 928.  In undertaking this analysis, we look only to "the complaint at the time the petition for removal was filed."  *Id.* Because neither Apache nor MW played a role in the decision to remove, they are not subject to an award under § 1447(c).

The determination of whether Amoco's removal of this case was legally improper was decided in the earlier appeal and is not before us.  *See Avitts,* 53 F.3d at 693 (holding that "[n]o federal cause of action has ever been asserted [by appellees], and it is plain that removal jurisdiction under 28 U.S.C. § 1441 simply did not exist").  But the determination that the removal was improper

4

does not end our inquiry. We still must determine whether under the circumstances of this case the district court abused its discretion by ordering Amoco to pay $641,509.46 in costs and fees.

Once a court determines that the removal was improper, thus satisfying the *Miranti* threshold requirement, § 1447(c) gives a court discretion to determine what amount of costs and fees, if any, to award the plaintiff. Congress has plainly limited such an award to those costs and fees "incurred as a result of removal." *See* 28 U.S.C.A. § 1447(c)(West 1994). We interpret this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court. This interpretation of the plain language of § 1447(c) is buttressed by its legislative history. For example, the House Report states that § 1447(c) "will ensure that a substantive basis exists for requiring payment of actual expenses incurred in resisting an improper removal; civil rule 11 can be used to impose more severe sanction when appropriate." H.R.Rep. No. 100-889, *reprinted in* 1988 U.S.C.A.N. 6033.

We conclude therefore that a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded. By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred "as a result of the removal."

If the opinion ended here, we would remand this case to permit

5

the district court to reduce the award to compensate Appellees for expenses incurred "as a result of the removal."  But for reasons that follow, we need not remand this case for that purpose.

If a plaintiff bears a substantial share of the responsibility for the case remaining in federal court, a court abuses its discretion by awarding the plaintiff any sums under § 1447(c).  In other words, a plaintiff may in certain cases be estopped from recovering costs and attorney's fees under § 1447(c) when his conduct after removal plays a substantial role in causing the case to remain in federal court.

In *Bankston v. Burch,* 27 F.3d 164, 169 (5th Cir.1994), the plaintiff, a limited partner in a limited partnership, sued the general partner alleging fraud or negligent misrepresentation, breach of fiduciary duty, mismanagement and waste of partnership assets, and breach of contract.  The plaintiff asserted all of his claims as personal claims in his original petition.  The general partner, a citizen of California, removed the case based on the diversity between himself and the plaintiff, a citizen of Texas. Plaintiff did not seek remand.  Shortly before trial, the defendant filed a motion to dismiss on grounds that subject matter jurisdiction was lacking.  He argued, among other things, that the plaintiff had failed to join the limited partnership and the individual limited partners as indispensable parties.  The district court referred the motion to the merits and proceeded to trial.  A jury verdict was rendered primarily in favor of the plaintiff.  In a post-trial motion, the plaintiff admitted for the first time that

some of his claims were derivative in nature. Following entry of judgment, the defendant appealed, and argued that the district court had no jurisdiction over the plaintiff's derivative claims.

On appeal, this court concluded that the limited partnership, a citizen of Texas and California, was an indispensable party to the plaintiff's derivative suit, and therefore once its citizenship was considered complete diversity was lacking. We then vacated the district court's judgment and remanded the case with instructions to remand to state court. The plaintiff in his brief asked this court to award him costs and fees under § 1447(c) if the court concluded that a remand was appropriate. We declined to make the requested award on grounds that the plaintiff "himself bears a substantial share of the responsibility for this case's lengthy but futile sojourn in the federal courts." *Id.* at 169. We observed that "[h]ad [the plaintiff] pleaded his derivative claims as derivative claims, rather than attempting to cast them as personal to himself, the indispensability of the partnership as a party would have been immediately apparent." *Id.*

The same reasoning applies to this case. Given the active role appellees took in persuading the district court to retain jurisdiction of the case, fees are not appropriate. Appellees alleged violations of both state and federal law in their original state court complaint; did not move to remand; alleged that the district court had federal question jurisdiction in each amended complaint; opposed the defendants' motion to dismiss for lack of jurisdiction, and persuaded the court it had jurisdiction to hear

7

the case.  Because appellees bear a substantial share of the responsibility for the case remaining in federal court, we conclude that the district court abused its discretion in awarding fees and costs to appellees under § 1447(c).

                                III.

     For the reasons stated above, we reverse the § 1447(c) award of fees and costs and remand this case to the district court to tax costs under Fed.R.Civ.P. 54.

     REVERSED and REMANDED.