**Roya NOORIAN, as Natural Parent and Next Friend Mona Noorian, Arta Noorian, Alex Noorian, and Ariana Niki Noorian, Minor Children**

v.

**PIE MUTUAL INSURANCE COMPANY.**

Civ. A. No. G–97–245.

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 18, 1997.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, Alexander B. Klein, III, Johnson & Klein, Houston, TX, for Roya Noorian.

Edward J. Murphy, Bell & Murphy, Houston, TX, for Pie Mutual Insurance Company.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

KENT, District Judge.

The instant litigation arises from a medical negligence settlement; agreement entered into by Dr. Robert G. McCandless, Insurance Corporation of America ("ICA"), who was Dr. McCandless' insurer, and Plaintiffs. Following execution of the settlement agreement, Plaintiffs allege that ICA went into conservatorship and failed to fund the agreement. According to documents before the Court, Defendant acquired, and now controls, ICA. Plaintiffs filed this action against Defendant on April 28, 1997, alleging breach of contract, fraud, civil conspiracy, and negligent representation. Plaintiffs have not sued ICA. Now before the Court is Defendant's Motion to Dismiss of June 2, 1997. For the reasons set forth below, Defendant's motion is **DENIED**.

Pursuant to FED.R.CIV.P. 12, Defendant moves for dismissal, claiming that this Court lacks personal and subject matter jurisdiction, and that Plaintiffs have failed to state a claim upon which relief can be granted. Each of these grounds will be addressed in turn.

### I. PERSONAL JURISDICTION

In federal court, personal jurisdiction over a non-resident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992). The Texas long-arm statute authorizes service of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir.1993).

Whether the exercise of personal jurisdiction over Defendant is consistent with the Due Process Clause of the United States Constitution involves a two-pronged inquiry. First, the Court must conclude that the Defendant has "minimum contacts" with Texas. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must determine that requiring the Defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.1994); *Ruston*, 9 F.3d at 418. The "minimum contacts" aspect of due process can be

692

satisfied by either finding specific jurisdiction or general jurisdiction. *Wilson,* 20 F.3d at 647. If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *Ruston Gas Turbines,* 9 F.3d at 418–19; *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1496 (5th Cir.1993). The minimum contacts prong for specific jurisdiction can be satisfied by a single act if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Hanson v. Denckla,* 357 U.S. 235, 253, 251–55, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *see also Bullion v. Gillespie,* 895 F.2d 213, 216 ("It is well settled that specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil ..."). Alternatively, if a defendant has insufficient contacts related to a stated cause of action to support specific jurisdiction, contacts unrelated to the cause of action may confer general jurisdiction. However, these contacts with the foreign state must be both "continuous and systematic" and "substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984); *Villar,* 990 F.2d at 1496.

■ Regarding minimum contacts, Plaintiffs allege in their Complaint that ICA failed to meet its obligations under a judicially approved settlement agreement. Defendant denies liability for ICA's debt, but does not dispute that it now controls ICA. It is clear to this Court that specific jurisdiction is applicable because this action arises out of the contacts that Defendant has had with the State of Texas. Defendant owns a holding company that acquired control of ICA, a Texas insurance company. Defendant replaced the former officers and directors of ICA with its own, requested and was granted approval for the acquisition by the Commissioner of Insurance of the State of Texas, consolidated ICA's administrative operations with its own, and signed a reinsurance agreement with ICA. Whether the debts, if any, that the acquired company had outstanding at the time of acquisition are to be paid by Defendant will be determined by this suit. Defendant has purposely availed itself of the privilege of conducting activities in Texas and easily meets the requirements for specific jurisdiction under the first prong of *International Shoe* and its progeny.

■ The second prong of the Court's inquiry requires consideration of the fairness and convenience of asserting jurisdiction over Defendant. *See McGee v. International Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) (upholding the assertion of jurisdiction over an out-of-state insurance company based upon a reinsurance contract); *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158; *see also Ruston Gas Turbines,* 9 F.3d at 419 (holding that both prongs of the due process analysis must be satisfied before personal jurisdiction can be asserted). The fairness of exercising jurisdiction is determined by balancing the burden on the Defendant, the interests of the forum state, Plaintiffs' interest in obtaining relief, the interstate judicial system's interest in efficient resolution, and the shared interest of the several states in furthering "fundamental substantive social policies." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987). Texas has a strong interest in adjudicating a dispute between Plaintiffs, who are Texas residents, and an insurance company doing business in this state. Indeed, the Supreme Court has noted that states have a strong interest here, evidenced by regulation of the insurance business through statutory certification requirements. *See Travelers Health Association v. Commonwealth of Virginia,* 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950). This Court is also cognizant of the resulting inconvenience and unfairness to resident plaintiffs if they are not afforded a local forum for resolution of disputes such as the one *sub justice.* After careful consideration of the relative equities, the Court con-

cludes that the exercise of jurisdiction over Defendant would not offend "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158; *Wilson,* 20 F.3d at 647.

Based upon the totality of the circumstances, the Court concludes that personal jurisdiction exists over the Defendant in this action and that the exercise of jurisdiction would be consistent with Constitutional requirements. Accordingly, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is hereby **DENIED**.

## II. SUBJECT MATTER JURISDICTION

 Plaintiffs bring this case relying upon this Court's diversity of citizenship jurisdiction as set out in 28 U.S.C. § 1332. In its motion for dismissal, Defendant claims that ICA is an "indispensable party" that must be joined. Defendant further argues that the required joinder of ICA destroys diversity jurisdiction, and therefore dismissal of this action is proper. It appears that Defendant is arguing that Plaintiffs' failure to join ICA is a jurisdictional defect. This argument has been clearly rejected. *See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 122, 88 S.Ct. 733, 744, 19 L.Ed.2d 936 (1968) ("We do not put this case upon the ground of jurisdiction . . ."). Failure to join a party can, however, compel a court in its discretion to refuse to proceed if the absent party is found to be indispensable. CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS § 71, at 465 (4th ed. 1983) ("It is for discretionary reasons, not for any want of jurisdiction, that the court may decline to proceed without the absentee.") The burden is on the proponent to show that an absent party is indispensable and that the action should be stayed. *See Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (5th Cir.1987) (rejecting defendant's argument to dismiss because the defendant failed to establish the necessary grounds). Defendant has not met this burden.[1]

 FED.R.CIV.P. 19 provides in part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . .

This Court determines at the outset that ICA falls within the category of necessary parties who should be "joined if feasible." *See* FED. R.CIV.P. 19. However, ICA cannot be joined without defeating diversity. Rule 19 allows joinder of necessary parties unless that joinder would defeat diversity jurisdiction. *See Provident Tradesmens Bank,* 390 U.S. at 108, 88 S.Ct. at 737; *Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80, 84 (5th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 69, —— L.Ed.2d —— (1997). When jurisdiction is threatened, the Court must then determine whether the potentially joined party is in fact indispensable, meaning the action cannot proceed without such party. *Id.* The rule lists four factors to consider when deciding whether a party is indispensable: 1) prejudice to the absent party or to those involved in the lawsuit; 2) whether relief can be shaped to lessen the prejudice to existing parties; 3) whether relief can be given without the absent party; and 4) whether the plaintiff has another forum in which to prosecute the action if it is dismissed. FED. R.CIV.P. 19; *see Cornhill Ins.,* 106 F.3d at 84. The gravamen of Plaintiffs' Complaint is that Defendant refuses to fund a settlement agreement entered into by Plaintiffs and an insurance company acquired, and now controlled, by Defendant. Defendant does not dispute that ICA owes a debt to Plaintiffs. The crux of this case is the determination of who must satisfy this debt. Defendant has

---

1. Parties may not manufacture diversity jurisdiction simply by failing to join an indispensable

party. *See Bankston v. Burch,* 27 F.3d 164, 168 (5th Cir.1994).

not established that it may be subject to multiple or inconsistent obligations if ICA is not joined, nor has it established that the disposition of this case will impair any interest ICA may have. Thus, there is no threat of inconsistent obligations, and ICA is not an indispensable party that must be joined in order for this action to proceed. *See Sandefer Oil & Gas, Inc. v. Duhon,* 871 F.2d 526, 529 (5th Cir.1989) (noting that the threat of multiple litigation does not make a party indispensable, but the threat of inconsistent obligations does).[2]

### III. FAILURE TO STATE A CLAIM

 Defendant finally argues that Plaintiffs have failed to state a cause of action upon which relief can be granted by this Court. When considering a Rule 12(b)(6) motion to dismiss, the Court must assume the truthfulness of the allegations in Plaintiffs' Complaint. *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). A complaint cannot be dismissed for failure to state a claim unless it appears certain that a plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *See Home Capital Collateral, Inc. v. F.D.I.C.,* 96 F.3d 760, 764 (5th Cir.1996). As this Court reads Plaintiffs' Complaint, it appears that breach of contract, fraud, civil conspiracy, and negligent misrepresentation are alleged. All are recognized causes of action under Texas law. *See generally Flo Trend Systems, Inc. v. Allwaste, Inc.,* 948 S.W.2d 4 (Houston [14th Dist.] 1997, no writ). It remains to be seen whether any such claim is supported in fact as the case proceeds, but at this juncture clearly viable claims are asserted.

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of

---

2. Indeed, Defendant could assert appropriate claims in a separate case, and alternatively, Defendant could implead and· add ICA, a company it controls, as a third party defendant. Such impleader does not destroy diversity and the

new evidence not available at the time of the instant submissions.

**IT IS SO ORDERED.**

entire case may proceed to final adjudication in this Court. *See Fawvor v. Texaco, Inc.,* 546 F.2d 636, 638 (5th Cir.1977); *Williams v. Keyes,* 125 F.2d 208, 209 (5th Cir.1942).