**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-60385
_____

SAMMY G. MILNER, Individually and Executor of the Estate of
EMOGENE LOFTON MILNER, Deceased, and of SAM IRVIN MILNER, JR.,
Deceased, and STEVE L. MILNER,

Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:97-cv-164)
_____

August 26, 1999

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit
Judges.

PER CURIAM[1]:

Sammy and Steven Milner ("the Milners") appeal the district
court's denial of costs and attorney's fees resulting from
General Motors Corporation's ("GM") removal of the case to
federal court. The Milners argue that the district court abused
its discretion by remanding the case to state court without
awarding the expenses resulting from GM's improper removal. We

find that the district court did not abuse its discretion by
denying the Milners' request and affirm the lower court's

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

decision.

I.

Sam and Emogene Milner were killed on September 1, 1993, when their 1986 Chevrolet pickup truck was involved in a head-on collision with an automobile driven by Edna Pearl Quinn ("Quinn"). Quinn was also killed in the accident. The Milners' two sons, Sammy and Steven, brought suit against the Quinn Estate and GM in the Circuit Court of Leake County, Mississippi. The complaint alleges negligence against Quinn in the operation of her automobile and strict liability against GM for a post-collision fire which was allegedly caused by a defective fuel system in Sam and Emogene Milner's GM pickup truck. The Milners seek $10,000,000.00 in compensatory damages and $20,000,000.00 in punitive damages.

In March of 1997, GM removed the case to federal court, alleging that the Milners had deliberately named the Quinn Estate a party to the suit for the sole purpose of destroying complete diversity. GM argues that as of August 22, 1996, the day the complaint was filed, no further action had been taken against the Quinn Estate. GM asserts that, although the Quinn Estate never answered the complaint, the Milners made no attempt to secure a default judgment against it. GM states that the Milners' inaction towards the Quinn Estate constitutes abandonment for purposes of removal and that these assertions are evidenced by a letter that was sent by the Milners to the Quinn Estate's

2

attorney.

The district court found the letter insufficient to show that the Milners had abandoned their claim against the Quinn Estate. The district court explained that the letter merely states that the Milners did not intend to pursue a default judgment "at this time." The district court emphasized: "The author of the letter acknowledges that the plaintiffs may pursue the default judgment at a later date and requests they notify him in that event." The court juxtaposed GM's failure to produce any document against the Milners with the Milners' sworn affidavits avowing that they have not abandoned their claims. The court granted the motion to remand and declined the Milners' request for costs and attorney's fees. This appeal followed.

## II.

The sole issue on appeal is whether the district court erred by denying the Milners' request for attorney's fees and costs under 28 U.S.C. § 1447(c). Since the award of attorney's fees is collateral to the decision to remand, the district court retained jurisdiction after remand to entertain the Milners' motion for attorney's fees and costs. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). We review the district court's denial of attorney's fees, expenses and costs for abuse of discretion. *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 118 S.Ct. 435 (1997). A district court

3

abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1163 (5th Cir. 1994).

The record shows that the district court did not abuse its discretion by denying attorney's fees and costs. In *Miranti*, we held that a showing of bad faith was no longer necessary to award attorney's fees and the district court could exercise its discretionary powers by simply finding that the case had been removed on improper legal grounds. *Miranti*, 3 F.3d at 928. *See Avitts*, 111 F.3d at 32 (holding that a court's discretion to award attorney's fees under § 1447(c) is triggered only if the court first finds that the defendant's decision to remove was legally improper). In *Miranti*, the district court's rationale for awarding attorney's fees was based on a misunderstanding of the applicable law. It awarded attorney's fees under the erroneous belief that federal jurisdiction had been lost when the award limit fell to $25,000 as a consequence of dismissing one of the parties to the suit.

It is well settle within this Circuit that the district court has the discretion to award or deny attorney's fees as it sees fit. *See Moore*, 981 F.2d at 446 (holding that Congress has unambiguously left the award of fees to the discretion of the district court); *Tenner v. Zurek*, 168 F.3d 328,(7th Cir. 1999). Upon reviewing the record, this Court is unpersuaded by the Milners' assertions that the district court abused its discretion

4

by failing to award attorney's fees and costs. Moreover, we find that the lower court could have reasonably concluded that an expense award was unwarranted under the facts of this case. The issue, of whether there was an abuse of discretion by the lower court, is determined, however, by our failure to find any fault in the lower court's interpretation of the law and by our failure to find that it erroneously assessed the evidence presented before it.

## III.

For the aforementioned reasons, we find that the district court did not abuse it discretion in denying the Milners' request for attorney's fees, expenses and costs. Accordingly, we AFFIRM the district court's decision in all respects.