**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-31340**

_____

**MARY ANNA RIVET; MINNA REE WINER;**
**EDMOND G. MIRANNE; and EDMOND G. MIRANNE, JR.,**

**Plaintiffs-Appellees,**

**VERSUS**

**REGIONS BANK OF LOUISIANA, F.S.B.; ET AL.,**

**Defendants,**

**REGIONS BANK OF LOUISIANA, F.S.B.; WALTER L. BROWN, JR.;**
**PERRY S. BROWN; and FSA, L.L.C.,**

**Defendants-Appellants.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

(95-CV-426-K)

_____

November 4, 1999

Before POLITZ, DeMOSS, BENAVIDES, Circuit Judges.

DeMOSS, Circuit Judge:[*]

Defendants Regions Bank of Louisiana, Walter L. Brown, Jr., Perry S. Brown, and Fountainbleau Storage Associates (collectively, the Regions Bank group or the defendants) appeal from final judgment awarding plaintiffs Mary Anna Rivet, Minna Ree Winer, Edmond G. Miranne, and Edmond G. Miranne, Jr. (collectively, the Mirannes) costs and expenses, including attorney's fees, in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amount of $105,448.30 after a determination of improper removal pursuant to 28 U.S.C. § 1447(c).  We affirm.

## I.

The Mirannes, as holders of a second collateral mortgage note attached to a leasehold interest on certain Louisiana property, sued the defendants comprising the Regions Bank group in Louisiana state court.  The Mirannes claimed that the defendants engaged in certain property transactions that prejudiced the Mirannes' rights under the second collateral mortgage note.  The defendants answered, claiming that the Mirannes' interest in the property was extinguished by a prior federal judgment ordering the sale of the subject property free and clear of the Mirannes' second mortgage.

The defendants removed the case to federal court, alleging federal question jurisdiction based upon the preclusive effect of the prior federal judgment.  The Mirannes moved to remand, arguing that the prior federal judgment, which constituted an affirmative defense, was insufficient to support the exercise of federal question jurisdiction over their state law claims.

The district court erroneously denied the motion to remand on the basis of dicta in *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 (5th Cir. 1995), which was not decided until two weeks after the defendants' removal of this case.  *Carpenter* included dicta to the effect that the preclusive effect of a prior federal judgment might support federal question jurisdiction, but only when the claims at issue are sufficiently "federal in character."  *See*

2

*Carpenter*, 44 F.3d at 368-69.  Having denied the Mirannes' motion to remand, the district court then relied upon the preclusive effect of the prior federal judgment, which extinguished the Mirannes' state law claims, to grant summary judgment in favor of the Regions Bank group.  *See* **Rivet v. Regions Bank**, No. 95-0426, 1995 WL 237019, at *2-4 (E.D. La. 1995), *aff'd*, 108 F.3d 576 (5th Cir. 1997), *rev'd*, 118 S. Ct. 31 (1997).

This Court affirmed, likewise relying upon **Carpenter**.  *See* **Rivet v. Regions Bank**, 108 F.3d 576 (5th Cir.), *rev'd*, 118 S. Ct. 31 (1997).  Judge Jones entered a vigorous dissent, arguing that the **Carpenter** dicta was wrong because it was fatally inconsistent with the well-pleaded complaint limit upon removal jurisdiction, and further, that even if the **Carpenter** dicta was not wrong, it would not in any event extend to support the exercise of federal jurisdiction in this case, where the Mirannes' claims were premised upon state, rather than federal, law.  **Id**. at 593-96.

The Supreme Court granted certiorari and reversed, holding that "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for jurisdiction." **Rivet v. Regions Bank**, 118 S. Ct. 921, 926 (1998).  Applying that principle to this case, the Supreme Court concluded that the potentially preclusive effect of the prior federal court judgment extinguishing the Mirannes' state law claims did not provide an adequate basis for the exercise of removal jurisdiction.  **Id**.  Removal was therefore held to be improper, and the matter was remanded to this Court for further proceedings.  **Id**. at 925-26.

3

On remand, the Mirannes moved this Court to bypass the federal district court by first making an appellate determination that the Mirannes were entitled under 28 U.S.C. § 1447(c) to recover the costs and expenses, including attorney's fees, incident to the defendants' improper removal, and then remanding directly to the appropriate state court. That motion was denied, and the cause was remanded to the district court for further proceedings consistent with the Supreme Court's opinion. *See* **Rivet v. Regions Bank**, 139 F.3d 512 (5th Cir. 1998).

On remand, the district court entered an order remanding the improperly removed case for lack of subject matter jurisdiction, but sua sponte enjoining "any further proceedings in the state court regarding the captioned cause, save its outright dismissal."

The Mirannes responded by filing a writ of mandamus, arguing that the district court lacked jurisdiction to issue the injunction. This Court agreed, and issued an order granting the writ of mandamus and vacating the injunction on further proceedings in the state court. The Court's brief mandamus order pointed out that the district court did not have jurisdiction over the case, and ordered the district court to remand the case to the appropriate state court without attempting to rule on the merits in the process. The balance of the order clarified the district court's remaining jurisdiction on remand, by providing that the district court should "determine and require payment of the costs and any actual expense, including attorney's fees," incurred as a consequence of removal, but that the district court should not

4

otherwise "comment upon, rule on, or issue any directives or orders as to" any other issue or controversy in the case. Regions Bank group moved for a rehearing of the Court's mandamus order, which was denied.

On remand for the second time, the district court entered an order remanding the case, but ordering the parties to either resolve, or to submit evidence relating to, the remaining issue to be decided by the district court; that is, the Mirannes' entitlement to costs and expenses, including fees, under § 1447(c).

The Mirannes thereafter filed a petition for costs and fees. The Regions Bank group opposed the motion, arguing that the district court should exercise its discretion to refuse the Mirannes' petition for fees. The Regions Bank group also filed specific objections to certain sums requested by the Mirannes. In a carefully detailed twenty-three page order, the district court considered each of the defendants' objections, making certain reductions in time, eliminating some requests, and ultimately entering an order that reduced the Mirannes' request for fees by more than $60,000. The Regions Bank group appealed.

On appeal, the defendants contend that the district court's award of fees is improper for two reasons. First, the defendants maintain that the district court's decision is improper because this is not an appropriate case for the award of fees. Second, the defendants maintain that the district court's award of fees is improper because it was based upon this Court's mandamus order, rather than an independent exercise of the district court's

discretion.  We disagree on both counts.

## II.

The district court's award of fees and costs in this case was made pursuant to 28 U.S.C. § 1447(c).  Congress made substantial changes to § 1447 in 1988.  Prior to that time, the relevant portion of § 1447(c) provided:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

Thus, prior to 1988, § 1447(c) provided only for an award of "just costs," and even then only when the suit was "removed improvidently and without jurisdiction."  *See* **Hensgens v. Deere & Co.**, 833 F.2d 1179, 1181 (5th Cir. 1987).  Under this older version of the statute, bad faith was sometimes relied upon to support a finding of improvident removal, and thus, an award of "just costs" under the statute.  *See* **News-Texan v. City of Garland**, 814 F.2d 216, 220 (5th Cir. 1987).  Likewise, prior to 1988, the plaintiff was required to demonstrate either bad faith, or some other exception to the American Rule relating to attorney's fees, before attorney's fees could be awarded on the basis of improper removal.  *See* **Davis v. Veslan Enters.**, 765 F.2d 494, 498 n.6 (5th Cir. 1985); *see also* **Miranti v. Lee**, 3 F.3d 925, 927 n.2 (5th Cir. 1993) ("fees were not allowed under the former statute unless counsel proceeded in bad faith or some other exception to the American rule applied").

In contrast, the relevant portion of the current and here applicable version of § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Rather than being limited to an award of "just costs," the current version of § 1447(c) permits recovery of both "just costs" and "actual expenses," which is now expressly defined to include "attorney fees." *Id*. Moreover, the current version of § 1447(c) no longer requires that removal be improvident or in bad faith. Indeed, aside from requiring that removal be improper in the sense that the district court lacked subject matter jurisdiction, the statute does not expressly limit the availability of "just costs" or "actual expenses, including attorney fees," in any manner. *See Miranti*, 3 F.3d at 928 (noting that an award of just costs or actual expenses under the amended version of § 1447(c) depends primarily upon whether removal was proper or improper).

Our cases analyzing the propriety of an award of costs or attorney's fees under the current version of § 1447(c), likewise, confirm that nothing more is absolutely required to support an award of attorney's fees under § 1447(c) than a showing that removal was in fact improper because subject matter was lacking at the time that the case was removed. *See Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 118 S. Ct. 435 (1997); *Miranti*, 3 F.3d at 928-29. Once the determination of improper removal is made, the only issue remaining for determination by the relevant court is the quantum of costs and fees, if any, that are justified by the record in the case. *See Avitts*, 111 F.3d at 32

7

("Once a court determines that the removal was improper, thus satisfying the **Miranti** threshold requirement, § 1447(c) gives a court discretion to determine what amount of costs and fees, if any, to award the plaintiff."). This make sense because Congress, by expressly recognizing attorney's fees as a recoverable expense, by eliminating any reference to improvident removal, and by failing to impose textual restrictions upon the availability of costs and expenses, clearly intended to create a statutory scheme in which, at least as a general rule, the burden of an improper removal falls upon the removing defendant.[2]

The Supreme Court's opinion in this matter dispositively settles the fact that removal was improper because the district court lacked subject matter jurisdiction. *See* **Rivet**, 118 S. Ct. at 925-26. Thus, the conditions for application of § 1447(c) are satisfied, and there is no indication that the fee award was in error.

The defendants attempt to avoid this conclusion, by contending that the district court must, in the first instance, apply some

---

[2] The only qualification that has developed with regard to the general rule that a defendant's improper removal supports an award of fees is that we have declined to permit an award of fees relating to improper removal when the plaintiff seeking those fees "bears a substantial share of the responsibility for the case remaining in federal court." **Maguire Oil Co. v. City of Houston**, 143 F.3d 205, 209 (5th Cir. 1998); **Avitts**, 111 F.3d at 32; *see also* **Bankston v. Burch**, 27 F.3d 164, 169 (5th Cir. 1994). That qualification has no application in this case because there is no indication, either in the arguments of the parties or the record itself, that the Mirannes, who promptly moved for remand and have vociferously fought continuing federal jurisdiction over their state law claims, have contributed in any manner to the extended delay in getting this case back to state court.

8

multi-factoral analysis to determine whether fees are appropriate at all. Specifically, in the defendants' rendition of a proposed test, the district court should consider whether the law governing the removal was complex or relatively straightforward, whether the law governing removal was unsettled or fairly well-established, and finally, whether there is record evidence tending to establish that the defendants removed the case in good faith or, at least, in the absence of bad faith. According to the defendants, a § 1447(c) award of costs and expenses, including fees, is "disfavored when the law governing removal in a particular case is complex, when the law governing the jurisdictional issue is unsettled, or when the removing defendants have acted in good faith."

There are several problems with remanding for failure to apply the defendants' proposed test. First, there is no support for such an analysis in the plain text of the statute. Indeed, to embrace such a test would arguably render the 1988 amendments to § 1447(c) nugatory by reinjecting the concept that costs and expenses cannot be awarded when the defendant has removed the case on the basis of an erroneous but good faith belief that removal is proper.

Second, there is no support for such a test in the applicable precedent. To the contrary, the defendants have pieced the proposed test together from snippets appearing in a variety of district court cases from around the country. We do not think it wise to remand this ancient case for failure to apply some newly-minted and unprecedented multi-factoral test which is not obviously drawn from the plain language of the statute or our own precedent.

9

To do so both creates new law and comes perilously close to replacing the relatively broad discretion permitted by the plain language of § 1447(c) with a mechanistic and potentially under-inclusive, multi-factoral analysis. *See Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) (eschewing any mechanistic analysis of when costs and attorney's fees are appropriate under § 1447(c)); *see also Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993); *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (both stating that the wide discretion afforded in revised § 1447(c) requires affirmance when the award is "fair and equitable" under the circumstances).

Finally, there is no indication that the defendants would be entitled to relief even if the multi-factoral test they propose were applied. The defendants argue that an award of costs and expenses under § 1447(c) was inappropriate in this case because the law governing the removal of this case was unsettled at the time it was removed. We disagree. The defendants seek to capitalize upon ambiguity arising from an "enigmatic" footnote in *Federated Dep't Stores, Inc. v. Moitie*, 101 S. Ct. 2424 (1981).[3] *See Carpenter*, 44

---

[3] *Moitie* addressed the Ninth Circuit's failure to apply the res judicata doctrine in the context of federal antitrust claims that were first dismissed in federal court, then refiled in state court and removed to another federal court. Thus, *Moitie* was a res judicata case, rather than a case directly involving removal jurisdiction. *See Carpenter*, 44 F.3d at 369. Nonetheless, footnote two of that opinion suggested that some of the claims pleaded as state law claims might be sufficiently "federal in nature" to support removal jurisdiction. *Moitie*, 101 S. Ct. at 2427 n.2.

10

F.3d at 369. To be sure, *Moitie* was the source of some confusion concerning whether the potentially preclusive effect of a prior federal judgment on a matter of federal law might permit removal of artfully pleaded state law claims that were, in essence, the same as the previously adjudicated federal claims. *See Carpenter*, 44 F.3d at 368-71; *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911-13 (7th Cir. 1993); *Ultramar American Ltd. v. Dwelle*, 900 F.2d 1412, 1415-17 (9th Cir. 1990); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1370-76 (9th Cir. 1987). But none of these cases cited by the defendants tortured the *Moitie* footnote to the extent that removal jurisdiction might be premised upon the potentially preclusive effect of a prior federal judgment disposing, as in this case, of claims premised upon rights arising under state law. To the contrary, the cited cases expressly decline to go that far. *Carpenter*, 44 F.3d at 368-70; *Allied-Signal*, 985 F.2d at 911-13; *Ultramar*, 900 F.2d at 1415-17; *see also Rivet*, 108 F.3d at 593-96 (Jones, J., dissenting). Thus, we agree with the Mirannes that the defendants may not rely upon the unsettled meaning of the *Moitie* footnote to defeat the Mirannes' fee petition in this case. Stated simply, the defendants have not cited any authority, either in this Circuit or any other, supporting their removal of a state law claim on the basis that *Moite*, prior to the Supreme Court's disposition in *Rivet*, permitted removal of an artfully pleaded state law claim on the basis that it was precluded by a prior federal judgment on an issue of state law. The defendants also maintain that this case should be remanded for a factual determination of their

11

relative good or bad faith. As with the defendants' argument that § 1447(c) requires a separate layer of analysis as to the appropriateness of fees, and their argument that some confusing Supreme Court precedent created confusion in their case, the defendants' argument that factual determinations are better made in the district court once again has us tilting at windmills. Stated simply, there is no genuine issue relating to the defendants' bad faith, or lack of good faith, that requires remand. Leaving litigation rhetoric to one side, the Mirannes have not offered any significant evidence that would support a finding that the Regions Bank group proceeded in bad faith when removing the case. Likewise, the Regions Bank group has not responded with any factual evidence that would unambiguously establish that they were acting in good faith. In such a case, there simply are no factual issues that the district court would be better suited to resolve.

To be clear, we do not say that the factors identified by the defendants may not appropriately inform a federal court's discretion when passing on the issue of a fee award under § 1447(c). But we will not hold, in the absence of any binding authority, and on the face of a record which does not suggest that the award of fees was infected by any unfairness or other legal error, that such an analysis is a necessary prerequisite that must appear for formality's sake in every court decision awarding fees for improper removal. We conclude that there can be no reversible error based upon the district court's failure to apply the defendants' proposed three-factor test in this case. Section

12

1447(c) requires no more in the ordinary case than that removal be improper. The Supreme Court's decision conclusively settles that removal was improper. Moreover, even if we were to accept the defendants' novel argument in favor of an extra-textual and unprecedented threshold test for determining whether fees are appropriate, the defendants have not demonstrated any error that may be predicated thereon.

For the foregoing reasons, the defendants' argument that this is an inherently inappropriate case in which to award costs and expenses under § 1447(c) is without merit.

## III.

The defendants' second argument is in fact related to their first. The defendants maintain that the district court's order granting the Mirannes' request for costs and expenses should be reversed, and the matter remanded for redetermination by the district court, because the district court erroneously believed that this Court's mandamus order directed the district court to award costs and expenses, leaving only the quantum to be awarded in the district court's discretion. Thus, the defendants reason, the district court did not exercise its discretion with respect to the mandatory and independent determination of whether fees were appropriate under the three-factor test, in the first instance, before proceeding to the independent analysis of the quantum of costs and fees, if any, that were justified by the Mirannes' petition for fees, in the second instance. The defendants rely

13

upon language in this Court's mandamus order, as well as the district court's order awarding costs and expenses, for their position.

We are not persuaded by the parties' reading of this Court's mandamus order. The Court's mandamus order was intended to address only the issues presented to the Court in that proceeding; that is, whether the district court possessed the power to remand for lack of subject matter jurisdiction, while simultaneously trying to rule from beyond the borders of Article III on the merits. The Court's holding was that the district court's lack of subject matter jurisdiction placed any attempt to rule upon the merits of the case beyond the district court's power. The Court added a brief statement clarifying that the district court's remaining jurisdiction on remand would be limited to consideration of the costs and expenses that might be awarded under § 1447(c).

We note that there was no live pleading requesting costs and expenses under § 1447(c) before this Court on the writ of mandamus. Indeed, the mandamus order was entered less than two months after the Court expressly declined to bypass the district court by making an appellate determination concerning the Mirannes' entitlement to costs and expenses. *See* **Rivet**, 139 F.3d at 513. (denying the Mirannes' motion to make an award of costs and expenses under § 1447(c) on appeal). There is nothing in the mandamus order, which addressed only the issues raised in that separate appeal, that demonstrates a retreat from that position. Although defendants point to the Court's use of the directive that the

14

district court "shall determine" fees, that directive was broad enough, when viewed in the appropriate procedural and textual context, to permit the district court's determination on remand, if appropriate, that no such fees should be allowed.

The defendants also point to language in the district court's order awarding costs and expenses, which indicates the district court's view that this Court had already exercised the statutory discretion granted in § 1447(c) by requiring that the district court award any costs and expenses justified by the Mirannes' fee petition. Assuming, for the sake of argument, that there is any reasonable support for the proposition that the district court's lengthy and detailed order does not reflect that court's independent discretion about the appropriateness of fees in this case, the fact that the district court felt so constrained does not independently give rise to reversible error in this case.

First of all, it bears repeating that there is no textual or precedential support for the proposition that every § 1447(c) fee award must necessarily reflect some separate, independent decision regarding whether fees are appropriate at all. Such a decision may be implicit in the particulars of or the mere fact of the awarding court's decision itself. We are, therefore, loathe to find reversible error on the basis that the district court erroneously believed it was constrained from making a dispensable, threshold analysis, particularly where, as here, the defendants' arguments fail to call the fundamental fairness or propriety of the district court's decision into question.

15

Second, the current version of § 1447(c) simply provides that a remand order may include an award of costs and fees. The statute does not provide, as did the pre-1988 version, that a "district court" may order such an award. While we have expressed a preference for permitting the district court to rule upon the propriety of fees and costs in the first instance, this is a prudential rule typically resting upon the inherently factual nature of the determination as to the quantum of fees to be awarded. There is nothing in § 1447(c) that precludes a determination that fees are appropriate by an appellate court, particularly where, as here, the propriety of the award itself does not depend upon any genuine issues of disputed fact that are more appropriately resolved, at least as an initial matter, in the district court. *See* **Bankston**, 27 F.3d at 169 (declining plaintiffs' request for fees pursuant to § 1447(c) without requiring consideration of that request as an initial matter by the district court).

For the foregoing reasons, we conclude that, without regard to what this Court intended when it entered the mandamus order and without regard to what the district court felt or intended when it entered the order granting (in part) the Mirannes' fee petition, there is no reversible error presented in the record of this case.

**CONCLUSION**

The district court's order awarding costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c) is

16

AFFIRMED.