**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-20842

(Summary Calendar)

_____


HALLIBURTON LATIN AMERICA SA,

Plaintiff - Appellee,

versus

INTERNATIONAL TECHNICAL SOLUTIONS INC,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-99-CV-483

_____

July 31, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    We AFFIRM the district court's decision that Halliburton was entitled to attorney's fees

because International Technical Solutions, Inc.'s removal was not objectively reasonable.  However,

as there was no indication of the amount of time expended by Halliburton's attorneys or expert, we

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

REVERSE the district court's fee award. We REMAND for the district court to determine the reasonable fees attributable to the removal order. *See W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997) (fees under 28 U.S.C. § 1447(c) are limited to those "'incurred as a result of removal.'") (citations omitted). In determining the appropriate award of attorney's fees the district court should apply the lodestar method and the factors provided in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

Halliburton's motion for attorney's fees on appeal is DENIED as premature.

AFFIRMED in part, REVERSED in part, and REMANDED.